## SILAS BAKER V. ELIZABETH SCOTT.

PROTEST AND NOTICE, *Waiver of.* The words "Protest and notice waived," indorsed on a bill, whether applied to foreign bills or to inland bills and promissory notes, dispense with the necessity of the steps which must precede protest, and therefore are a waiver of demand, as well as of protest and notice.

*Error from Dickinson District Court.*

AT the May Term, 1882, of the district court, plaintiff *Scott* had judgment against defendant *Baker*, who brings the case here. The facts are stated in the opinion.

*J. W. D. Pierce,* for plaintiff in error.

*J. P. Campbell,* for defendant in error.

The opinion of the court was delivered by

HORTON, C. J.: This was an action upon a promissory note, due two years after date, dated April 1, 1879, executed by one A. Saffell to the order of Silas Baker, for the sum of $1,000, with interest at eight per cent., payable semi-annually. The payee, plaintiff in error (defendant below), transferred the note to defendant in error (plaintiff below), with the following indorsement: "Protest and notice waived.—SILAS BAKER." Saffell afterward died and his estate was insolvent, and this action was brought to recover of the indorser. Judgment was rendered against him, and of this he complains. He contends that before he could become liable for the payment of the note, the holder thereof must have demanded payment of the maker at maturity, and that as the petition failed to allege a demand, and as the evidence fails to show a demand, no recovery can be had against him. This leads to the interpretation of the words "Protest and notice waived." All the authorities agree that the words "I waive protest," or "waiving protest," or any similar forms importing that the protest is waived, are, when applied to a foreign bill, universally

regarded as expressly waiving presentment and notice. In waiving "protest" the party is considered not only as dispensing with a formality, but as dispensing with the necessity of the steps which must precede it, and of which it is merely the formal, though necessary proof which the law requires. (*Union Bank v. Hyde*, 6 Wheat. 572; Edwards on Bills, 634; 2 Daniel on Negotiable Instruments, § 1095.) When, however, the waiver of protest is applied to an inland bill or promissory note, the authorities are not so clear as to what is intended by such an indorsement, as a protest of such instrument is not necessary in order to charge the drawer or indorser. The statute however provides:

"A notarial protest shall be evidence of a demand and refusal to pay a bond, promissory note, or bill of exchange, at the time and in the manner stated in such protest, until the contrary is shown." (Comp. Laws 1879, ch. 14, § 18.)

Sec. 6, ch. 71, Comp. Laws 1879, reads:

"Notaries public shall have authority  .   .   .   to demand acceptance or payment of foreign and inland bills of exchange and of promissory notes, and protest the same for non-acceptance or non-payment, as the case may require, and to exercise such other powers and duties as by the law of nations and commercial usage may be performed by notaries public."

Therefore, as under the statute, protest even of inland bills is recognized, such protest when made is accorded the same effect as to them as to foreign bills, although it is not necessary to make it. Therefore we are of the opinion that where protest is waived upon any bill or note, it imports that all the steps to be ordinarily taken are dispensed with; and so, in waiving protest, the party dispenses with the necessity of the steps which precede it and accordingly dispenses with any demand being made. (*Coddington v. Davis*, 1 Comst. 186; 3 Denio, 16; *Porter v. Kemball*, 53 Barb. 646; *Fisher v. Price*, 37 Ala. 407; *Jackard v. Anderson*, 37 Mo. 91; *Carpenter v. Reynolds*, 42 Miss. 807.)

The judgment of the district court must be affirmed.

All the Justices concurring.