## George F. Trower v. Nannie E. Roberts.

(Filed February 13, 1907.)

1. NEW TRIAL—Granted, When. Trial courts are invested with a very large and extended discretion in the granting of new trials, and new trials ought to be granted whenever in the opinion of the trial court, the party asking for the new trial has not probably had a reasonably fair trial, and has not, in all probability obtained or received substantial justice, although it might be difficult in many instances for the trial court or the parties to state the grounds for such new trial upon paper so plainly that the supreme court could understand them as well as the trial court, and the parties themselves understood them.

2. SAME—Same—Error, When. The supreme court will not reverse the order of the trial court granting a new trial, unless the supreme court can see, beyond all reasonable doubt, that the trial court has manifestly and materially erred with respect to some pure, simple and unmixed question of law, and that except for such error the ruling of the trial court would not have been made as it was made, and that it ought not to have been so made.

3. SAME—Same. As the granting of a new trial only places the parties in a position to have the issues between them again submitted to a jury or court, the showing for reversal should be much stronger where the error assigned is the granting of a new trial, than where it is the refusal.

(Syllabus by the Court.)

*Error from the District Court of Garfield County; before James K. Beauchamp, Trial Judge.*

*Parker & Simons,* for plaintiff in error.

*Robberts & Curran* and *W. S. Denton,* for defendant in error.

### STATEMENT OF FACTS.

An action was brought in the court below by the defendant in error, Nannie E. Roberts, against the plaintiff in error, George F. Trower, for slander. A trial was had, verdict rendered in favor of the defendant and against the plaintiff for costs, said verdict being rendered on the 23rd day of January, 1905. The judgment of the court was rendered in favor of the defendant and against the plaintiff for costs, on the same day. On the same day, to-wit: the 23rd day of January, 1905, plaintiff below filed her motion in the district court to vacate said judgment, and to have a new trial. Said motion was based upon ten distinct grounds, covering all the statutory grounds, and also alleging that the answers of the jury given to certain special interrogatories are not sustained by sufficient evidence, and because the answers so given were contrary to the evidence. On the 4th day of February, 1905, plaintiff below, defendant in error here, filed her supplemental motion for new trial and supported said motion by affidavits. These affidavits tended to show newly discovered evidence, and misconduct on the part of the jury. On the same day, defendant below, plaintiff in error here, filed certain affidavits in resistance to said motion for new trial. On the 5th day of May, 1905, the court made an order sustaining the motion, and the supplemental motion for new trial, setting aside the judgment and orders of the court heretofore made, and setting aside the verdict of the jury theretofore rendered, and granted a new trial in said cause, to which order of the court setting aside the judgment and verdict and granting a new trial, the defendant excepted, and is given sixty days in which to make and serve a case made, and plaintiff is given ten days in which to suggest amendments, said case made to be settled

on five days' notice. Upon this record the case is brought here for review.

Opinion of the court by

IRWIN, J.: The only grounds urged by counsel for plaintiff in error for a reversal of this case are that section 4497 of the general statutes of Oklahoma, for 1893, were not complied with. This section is as follows: ·

"Where the grounds for a new trial could not with reasonable diligence have been discovered before, but are discovered after the term at which the verdict, report of referee or decision was rendered or made, the application may be made by petition filed as in other cases not later than the second term after discovery; on which a summons shall issue, be returnable and served or publication made as prescribed by section 80."

In order to sustain this contention, the court would be obliged to indulge in at least two presumptions, which are not borne out by the record in this case. That is, the court must first suppose that the district court of Garfield county had adjourned between the time of filing the first motion for new trial, to-wit: January 23 1905, and the filing of the supplemental motion for new trial, which was filed on February 4th, 1905. This would be pure supposition on the part of this court, for there is nothing in this record to show at what time the district court of Garfield county adjourned for the January term. There is nothing in the record to show that this application for a new trial was not presented at the same term in which the verdict of the jury was rendered, and the judgment of the district court was rendered. The second presumption that this court must indulge in in order to sus-

tain this contention, is that the court granted the new trial
upon the grounds set forth in the supplemental motion,· to-
wit: Newly discovered evidence, and misconduct of the jury,
and while it is true that some affidavits were filed in support
of the supplemental motion showing newly discovered evi-
dence, and affidavits showing certain misconduct of the jury,
the order of the trial court as shown by the record was a
general order granting a new trial, not upon· the supplemental
motion alone, but upon the original motion, and the supple-
mental motion.    Now, if the action of the court upon either
of these two motions was correct, this case must be affirmed,
and we take the rule to be well established that trial courts
are invested with a very large and extended discretion in the
granting of new trials, and new trials ought to be granted
whenever in the opinion of the trial court the party asking
for the new trial has not in all probability had a reasonably
fair trial, and· has not in all probability obtained or received
substantial justice, although it might be difficult for the trial
court, or the parties, to state the grounds for such new trial
upon paper· so plainly that the supreme court could under-
stand them as well as the trial court and the parties them-
selves understood them.    The supreme court will not reverse
the order of the trial court granting a new trial, unless  said
court can see beyond all reasonable doubt that the trial court
has manifestly and materially erred with respect to some
simple, pure and unmixed question of law, and that except
for such error, the ruling of the trial court would not have
been made as it was so made, and that it ought not to have
been so made.   As the granting of a new trial simply places
the parties in a position to have the issues between them again
submitted to a jury or the court, the showing for· reversal

should be much stronger where the error assigned is the granting of a new trial, than where it is the refusal of it. *City of Sedan v. Susan B. Church,* 29 Kans. 137.

Having examined the entire record, and finding no error therein, the judgment of the district court is hereby affirmed, at the costs of the plaintiff in error.

Garber, J., who was of counsel in the court below, not sitting; all the other Justices concurring.