## HOGAN *et al.* v. BAILEY.

No. 1331.   Opinion Filed July 12, 1910.

(110 Pac. 890.)

1.   JUDGMENT—Authority to Open—Discretion.   For the purpose of administering justice, the district court has a very wide and extended discretion in opening judgments, and in setting aside or modifying proceedings had before it, if it does so at the same term at which the judgment or proceedings are had, and if all the parties are present in the court and no advantage is taken of either party.

2.   APPEAL AND ERROR—Case-Made—Time for Making.   In a case where a motion for new trial is filed and six months thereafter is acted on without notice, and during the same term of court a motion to set aside and vacate the order made is sustained by the court, and the motion for new trial is again passed on and time within which to make and serve a case-made is granted, a case-made duly served within the time so allowed will not be dismissed in this court on the grounds that the court was without jurisdiction.

3.   PLEADING—Sufficiency of Petition—Manner of Objection—Introduction of Evidence.   Where the sufficiency of a petition is challenged solely by an objection to the introduction of evidence thereunder, such objection, not being favored by the courts, should generally be overruled, unless there is a total failure to allege some matters essential to the relief sought, and should seldom, ·if ever, be sustained when the allegations are simply incomplete, indefinite, or conclusions of law.

4.   APPEAL AND ERROR—New Trial—Review—Discretion.   This court will not reverse the ruling of the trial court granting a new trial unless it can be seen beyond all reasonable doubt that

the trial court has manifestly and materially erred with respect to some pure, simple, and unmixed question of law, and that except for such error the ruling of the trial court would not have been so made. The Supreme Court will very seldom and very reluctantly reverse the decision or order of the trial court which grants a new trial.

(Syllabus by the Court.)

*Error from District Court, Oklahoma County; G. W. Clark, Judge.*

Action by Thomas J. Bailey againt Daniel W. Hogan and others. From an order granting plaintiff's motion for a new trial, defendants bring error. Affirmed and remanded.

*Caldwell & Garnett,* for plaintiffs in error.
*Thorp & Thorp,* for defendant in error.

DUNN, C. J. This case presents error from the district court of Oklahoma county. A motion to dismiss has been interposed on the ground that the case-made was not served within a time properly allowable by the court. The facts upon which the same is predicated are as follows: The verdict was returned March 11, 1909. March 13, 1909, motion for new trial was filed. September 10, 1909, motion was granted. September 13, 1909, defendant was given ninety days to make and serve a case-made. September 22, 1909, defendant appeared and filed a motion to vacate the order granting new trial and to vacate and set aside the entry and order made thereon, and as grounds therefor showed to the court that neither defendants nor their counsel had any notice or knowledge that plaintiff's motion for new trial would be heard or considered by the court, or was set for hearing on September 10, 1909, and that by reason thereof they were not present in court when said motion was presented, and had no opportunity to be heard in opposition thereto or to reserve exceptions or to take any other steps to protect their rights in the matter. That at the time the case was set for hearing by the court, written notice was mailed to counsel for defendants, but that the same was never delivered to them nor their counsel, having miscarried, and was, after the action taken, returned to the writer. September 25, 1909, and during the same term of court, the

said motion was taken up, considered by the court, and its previous order granting a new trial vacated. Thereafter, and on October 9, 1909, the court, again considering the motion for new trial, granted the same, and counsel for defendants were given ninety days within which to make and serve a case-made. Within the time so allowed, and on December 28, 1909, the case-made was duly served. It is insisted on the part of counsel for movant that, the court having once acted on the motion for a new trial, its power over the case and the order thus made was final and conclusive, and that the ruling made on the motion filed to vacate and set aside such order was error. The rule obtaining in all courts of general jurisdiction except where restricted by some statute is that during the whole term at which a judgment or order is rendered it remains subject to the plenary control of the court, and where the administration of justice will be conserved thereby, it may be vacated and set aside, modified, or annulled. This power over the judgments and orders of such a court is not dependent upon any statute, but is inherent in the court itself. See 23 Cyc. 901, 902, and cases cited. This general rule is stated by the Supreme Court of Kansas in the case of *State ex rel. v. Sowders et al.*, 42 Kan 312, 22 Pac. 425, as follows:

"For the purpose of administering justice, the district court has a very wide and extended discretion in opening up judgments, and in setting aside or modifying proceedings had before it, if it does so at the same term at which the judgment or proceedings are had, and if all the parties are present in the court and no advantage is taken of either party."

In this case, as will be noted, the motion for new trial had been filed and had been pending for a period of six months. The court manifestly recognized that counsel were entitled to notice of the time when the same would be set and called for consideration, and in keeping therewith sent a written notice, which was miscarried, and it was the exercise of a sound and proper discretion when counsel, by reason of the miscarriage of the notice and being uninformed, were given an opportunity to be present and

heard on the motion. Counsel's absence at the time the motion was first considered and passed on was due to a lack of notice through miscarriage of mails, and this court held in the case of *C., R. I. & P. Ry. Co. v. Eastham et al.,* 26 Okla. 605, 110 Pac. 887, that the miscarriage in the mail of a pleading in a case is an accident sufficient to justify the reversal of a judgment. So that in the case at bar, independent of the inherent power above referred to, the showing made by counsel was sufficient to invoke the discretion of the court, and in our judgment its action was entirely justified.

Counsel for plaintiff in error as defendant filed a demurrer to the amended petition, which was abandoned and dismissed by the court for want of prosecution. Thereafter objection was made to the introduction of evidence for the reason that the petition failed to state facts sufficient to constitute a cause of action. This objection was overruled and is assigned as one of the errors in this court. "Such an objection made at such a time and in such a manner is never favored by the courts." *Mitchell et al. v. Milhoan,* 11 Kan. 617; *Barkley et al v. State,* 15 Kan. 99. When objection is first taken to a petition by an objection to the introduction of evidence, the same "should generally be overruled, unless there is a total failure to allege some matter essential to the relief sought, and could seldom, if ever, be sustained when the allegations are simply incomplete, indefinite, or conclusions of law." *Mitchell et al. v. Milhoan, supra;* 4 Ency. P. & P. 757; and cases cited under note 3, and page 758, and cases cited under note 1. In the light of this rule we have examined the amended petition filed herein, and, although a number of conclusions of fact and law are stated and more or less evidence pleaded, yet we cannot say that there is a total want of averment sufficient to sustain a verdict should one be rendered on evidence introduced under it.

The verdict returned in this case was signed by nine jurors and was in defendant's favor. The motion for new trial was sustained on three grounds, to wit: First, irregularity in the pro-

ceedings of the court by which plaintiff was prevented from having a fair trial; second, that the verdict is contrary to law; and third, errors of law occurring at the trial and excepted to at the time by plaintiff. Just what particular errors influenced the court in setting aside the verdict and granting the new trial are not made apparent either by the record or by the briefs. We will not discuss the evidence offered for the reason that the case as we view it must be remanded for another trial. We deem it sufficient to say that the plaintiff, who is a man of 76 years of age, executed a trust deed for all of his real property, valued at about $25,000, to a total stranger; that this was done at the instance of one of his sons; that without any consultation with him the deed was prepared, and, with no previous information or opportunity for consideration, was tendered him for his execution; that the property involved was of his own accumulation; and that the deed provided that out of its rents and income he should receive $40 per month, while the estate should be managed exclusively by the trustee named in the deed. The pleadings and the evidence showed that he was sound in mind and body. The intercession of the son inducing him to thus make disposition of his property was solely for the purpose of having it conserved and not wasted. The plaintiff testified that the transfer was made against his wish, over his objections, and that he was induced to make it because his son told him that, if he did not do so, he would have him arrested and shut up together with a certain woman whom he named who it was sought to be shown had improper designs to secure the property. This evidence of threats or improper influence was denied on the part of all the others present at the time of the execution of the deed. There is no evidence that the son was prompted in what he did by any mercenary motives on his own part, or that any one acted in bad faith to acquire any immediate personal gain. The jury found against plaintiff. The court granted the new trial, and in our judgment by so doing committed no error.

The trial court has a higher function under our jurisprudence

than to act merely as a moderator or umpire between contending adversaries before a jury. Not only is it charged with the duty of seeing that the course and conduct of the trial gives to each of the litigants a fair opportunity to present his cause and to have the facts weighed in the light of proper instructions declaring the law relative thereto, but it is the imperative, abiding duty of the court after the jury has returned its verdict and awarded to one or the other success in the controversy, where the justness of the same is challenged as in this case, to carefully weigh the entire matter, and, unless it is satisfied that the verdict is responsive to the demands of justice, to set the verdict aside and grant a new trial. Not only must the jury be satisfied of the righteouness of the conclusion to which it arrives, but, unless that conclusion meets the affirmative, considerate approval of the mind and conscience of the court, it should not, where challenged, be permitted to stand. *Yarnell v. Kilgore,* 15 Okla. 591, 82 Pac. 990; *Trower v. Roberts,* 17 Okla. 641, 89 Pac. 1113; *Ten Cate v. Sharp,* 8 Okla. 300, 57 Pac. 645; *City of Sedan v. Church,* 29 Kan. 190; *Citizens' State Bank of Lawton v. Chattanooga State Bank,* 23 Okla. 767, 101 Pac. 1118, and cases therein cited.

In the case of *Yarnell v. Kilgore, supra,* Justice Burwell in its consideration said:

"The approval of a verdict does not mean that formal approval which is inferred from the act of rendering judgment on it, but it means the assent and approval of the mind, after due consideration; and when the mind of the court refuses to concur in the correctness of a verdict, and its honest convictions lead it to believe that it ought to have been for the other party, then the verdict is not supported by the evidence so as to merit its approval, for, in passing on a motion for a new trial, it is the court, and not the jury, that must weigh and determine the effects of the evidence. It cannot be said that a court approves a verdict when its reason and judgment rebel against the conclusion it expresses. The rule requiring a juror to be satisfied with a verdict is no stronger than the rule which makes it the duty of the trial court to approve or disapprove a verdict, as dictated by its own conscience and judgment. It may be here suggested, however, that, as one juror may yield his opinions and accept those of the other jurors,

so may the court yield his impressions or opinions and adopt those of the jury; but such surrendering of his own views must be the result of consideration and reasoning, and can only be done where it, through such process, finally reaches the conclusion that the verdict is right and, by reason thereof, approves. The trial court sees the witnesses and can observe their demeanor, and, by reason of its experience, is better able than the jurors, as a rule, to determine the weight that ought to be given to their testimony, and, therefore, the law, recognizing this fact, has given it power to review and approve or reject their findings. The law here imposes a duty, the faithful and conscientious performance of which neither the press of business, nor any other embarrassing conditions, will excuse."

And speaking to the same subject, Justice Valentine, in the case of *City of Sedan v. Church, supra,* said:

"For the purpose of the case, we shall assume that, upon the preponderance of the evidence, the verdict of the jury was correct; and we shall also assume that the petition of the plaintiff below is not as formal or as complete or as artistically drawn as it should be; and still we think the order of the court below granting the new trial must be affirmed, for, although the petition is inartistically drawn, still we think it states sufficient facts to constitute a cause of action; and the evidence introduced on the trial on the part of the plaintiff would, if it were not contradicted by other evidence, be sufficient from which a verdict might have been found in favor of the plaintiff. Besides, there were other reasons for which the court below may have granted the new trial, and which might, if we could understand them just as well as the court below understood them, be sufficient to authorize the granting of the new trial. Trial courts are invested with a very large and extended discretion in the granting of new trials, and new trials ought to be granted whenever in the opinion of the trial court the party asking for the new trial has not in all probability had a reasonably fair trial, and has not in all probability obtained or received substantial justice, although it might be difficult for the trial court or the parties to state the grounds for such new trial upon paper so plainly that the Supreme Court could understand them as well as the trial court and the parties themselves understood them. And generally, where the trial court grants a new trial, to one party, it would be best for the other party, if he supposes he has reasonably good

cause, to rely upon the new trial, and the verdict of finding to be obtained at the new trial, in preference to immediately taking the case to the Supreme Court for unless the Supreme Court can see, beyond all reasonable doubt, that the trial court has manifestly and materially erred with reference to some pure, simple, and unmixed question of law, and that except for such error the ruling of the trial court would not have been made as it was made, and that it ought not to have been so made, the Supreme Court will not reverse the order of the trial court granting the new trial."

In the light of these considerations, we find no error in the order of the court granting plaintiff a new trial herein, as we are not able to say beyond all reasonable doubt that the trial court manifestly and materially erred in the conclusion to which it came in reference to some pure, simple, unmixed question of law, and the case is, accordingly, remanded to the district court of Oklahoma county.

All the Justices concur.