## CHAPMAN v. MASON *et al.*

No. 1396.   Opinion Filed December 12, 1911.

(120 Pac. 250.)

**APPEAL AND ERROR—Review—Grant of New Trial.** This court will not reverse the ruling of the trial court granting a new trial, unless it can be seen, beyond all reasonable doubt, that the trial court has manifestly and materially erred with respect to some pure, simple, and unmixed question of law, and that, except for such error, the ruling of the trial court would not have been so made. The Supreme Court will very seldom and very reluctantly reverse the decision or order of the trial court which grants a new trial. Following Duncan v. McAlester-Choctaw Coal Co., 27 Okla. 427, 112 Pac. 982.

(Syllabus by Sharp, C.)

*Error from District Court, Hughes County; John Caruthers, Judge.*

Action by Robert and Mary A. Mason, plaintiffs below, defendants in error, against J. A. Chapman, defendant below, plaintiff in error. From an order granting a new trial, plaintiff in error brings error. Affirmed.

*Warren & Miller,* for plaintiff in error.

*L. S. Fawcett,* for defendants in error.

Opinion by SHARP, C. Defendants in error, Robert and Mary A. Mason, sued plaintiff in error, J. A. Chapman, for damages arising out of the sale of 120 acres of land in the Creek Nation, Indian Territory, now situated in Hughes county, Okla. The deed thereto contained the following covenants of warranty:

"And I, the said J. A. Chapman, for myself and my heirs, executors, or administrators, do covenant with the said party of the second part, his heirs and assigns, that the said property is free from all incumbrances; that I have good right to sell and convey the said property; and that I will and my heirs, executors, and administrators shall warrant and defend the same unto the said party of the second part, his heirs and assigns, forever against the lawful claims and demands of all persons"

—which plaintiffs below allege were broken, in that the defendant below had wrongfully failed, neglected, and refused to put plaintiffs in the quiet and peaceable enjoyment and possession of said premises, and that on account thereof said plaintiffs have sustained damages in the sum of $994.50, with interest from September 10, 1908.

Pursuant to the provisions of sections 898 and 899, Wilson's Rev. and Ann. St. 1903, Willard Johnson and W. H. Dill, from whom defendant, Chapman, purchased the lands subsequently conveyed to Mason, were served with notice, and afterwards entered their appearance by filing separate answers. The issues being joined, the case was tried to a jury, and after plaintiffs had introduced their testimony and rested their case defendant demurred thereto, which demurrer was sustained, and judgment rendered in behalf of defendant, Chapman. Motion for new trial being thereafter filed, the same was, after due consideration, granted, and defendant, Chapman, has prosecuted this appeal.

The sole question presented for consideration is: Did the trial court err in granting a new trial?

This question was first before the Supreme Court of the territory of Oklahoma in *Trower v. Roberts,* 17 Okla. 641, 89 Pac. 1113, where it was held that the Supreme Court would not reverse the order of the trial court in granting a new trial, unless the appellate court could see, beyond a reasonable doubt, that the court had manifestly and materially erred in respect to some pure, simple, and unmixed question of law, and that, except for such error, the ruling of the trial court would not have been made as it was made, and that it ought not to have been so made.

The question was next before this court in *Citizens' State Bank of Lawton v. Chattanooga State Bank,* 23 Okla. 767, 101 Pac. 1118:

"The granting of a new trial being so much within the discretion of the trial court, this court will not reverse an order of such court granting a new trial, unless error is clearly established in respect to some pure, simple, and unmixed question of law"
—citing in support thereof *Brown v. Atchison, etc., Ry. Co.,* 29 Kan. 186; *City of Sedan v. Church,* 29 Kan. 190; *Sanders v.*

*Wakefield,* 41 Kan. 11, 20 Pac. 518; *Willis v. Wyandotte County,* 86 Fed. 872, 30 C. C. A. 445.

In *Hogan et al. v. Bailey,* 27 Okla. 15, 110 Pac. 890, it was said in the syllabus:

"This court will not reverse the ruling of the trial court granting a new trial, unless it can be seen, beyond all reasonable doubt, that the trial court has manifestly and materially erred with respect to some pure, simple, and unmixed question of law, and that, except for such error, the ruling of the trial court would not have been so made. The Supreme Court will very seldom and very reluctantly reverse the decision or order of the trial court which grants a new trial."

In *Duncan v. McAlester-Choctaw Coal Co.,* 27 Okla. 427, 112 Pac. 982, the court adhered to the doctrine contained in *Hogan et al. v. Bailey, supra.* In *National Refrigerator & Butchers' Supply Co. v. Elsing,* 29 Okla. 334, 116 Pac. 790, the rule announced in *State Bank of Lawton v. Chattanooga State Bank, supra,* and *Hogan et al. v. Bailey, supra,* was followed.

The record does not disclose upon what ground the court granted a new trial, and we have no means of knowing what specific reasons were urged and considered by the court as sufficient to justify its actions, except that we must conclude that the court had become convinced of its own error in sustaining a demurrer to plaintiff's testimony and in taking the case from the jury. This, under the testimony, was in the exercise, at best, of a doubtful right, and the case presented is not one that properly comes within the exceptions pointed out in the former decisions of this court. We cannot say that the trial court, beyond all reasonable doubt, manifestly and materially erred with respect to some pure, simple, and unmixed question of law, and that, except for such error, the ruling of the trial court would not have been so made.

The judgment of the trial court in granting a new trial should therefore be affirmed.

By the Court: It is so ordered.

All the Justices concur.