## JAMIESON v. CLASSEN CO. *et al.*

No. 1736.   Opinion Filed May 14, 1912.

(124 Pac. 67.)

**APPEAL AND ERROR—Review—Discretion—Grant of New Trial.** The granting of a new trial being so much within the discretion of the trial court, this court will not reverse an order of such court granting a new trial unless error is clearly established in respect to some pure, simple, and unmixed question of law.

(Syllabus by the Court.)

*Error from District Court, Oklahoma County;*
*Geo. W. Clark, Judge.*

Action by Annie M. Jamieson against the Classen Company and others. Verdict for plaintiff. From an order granting a new trial, plaintiff brings error. Affirmed.

*Giddings & Giddings,* for plaintiff in error.

*Shartel, Keaton & Wells,* for defendants in error.

WILLIAMS, J.   The plaintiff in error sued the defendants in error the Classen Company and Sewell G. Bennett in the district court of Oklahoma county for slanderous words uttered by the said Bennett concerning her while, as claimed by her, he was in the employ of the Classen Company and acting within the scope of his employment. The plaintiff in error will hereinafter be referred to as plaintiff, and defendants in error as defendants.

Jamieson v. Classen Co. et al.

The cause was tried with the intervention of a jury, and a verdict returned in favor of plaintiff in the sum of $1,000 against both defendants.

In due time a motion for new trial was filed on the grounds (1) verdict contrary to law; (2) not sustained by sufficient evidence and contrary to the weight of the evidence; (3) error in the assessment of the amount of recovery, the same being too large; (4) excessive damages appearing to have been given under the influence of passion and prejudice; (5) error in refusing to give certain instructions requested by defendants, to which ruling of the court in refusing same exceptions were duly saved; (6) error of law in instructing the jury, especially in giving instructions numbered 4, 6, and 9, to the giving of which instructions the defendants at the time duly excepted; (7) errors of law occurring at the trial and duly excepted to by the defendants at the time. This motion was sustained and a new trial granted, to which exceptions were duly saved. By this proceeding in error the plaintiff in error seeks to review this action of the lower court.

It has time and again been held by this court that it will not reverse the ruling of the trial court granting a new trial unless it can be seen beyond all reasonable doubt that the trial court has manifestly and materially erred with respect to some pure, simple, and unmixed question of law, and that, except for such error, the ruling of the trial court would not have been so made. *Ardmore Lodge No. 9, I. O. O. F., v. Dawson et al., ante,* 124 Pac. 66, and the authorities therein cited.

The record does not disclose upon what grounds the new trial was granted. The second, third, and fourth grounds relate to matters involving the discretion of the trial court.

Though the evidence may have been conflicting and on review here this court might be of the opinion that it justified the finding of the jury, yet it was within the province of the trial judge, after hearing said evidence, to disagree with the findings of the jury under such a status and set aside the verdict and grant a new trial. Such power is lodged with the trial courts,

and its exercise under such circumstances may not be disturbed by this court.

.It follows that the judgment of the lower court in granting a new trial will not be disturbed. Affirmed.

TURNER, C. J., and HAYES, KANE, and DUNN, JJ., concur.