## HUGHES v. CHICAGO, R. I. & P. RY. CO.

No. 3349.   Opinion Filed February 18, 1913.

(130 Pac. 591.)

1.   APPEAL AND ERROR—Review—New Trial—Discretion of Trial Court. Trial courts are invested with a very large and extended discretion in the granting of new trials, and new trials ought to be granted whenever, in the opinion of the trial court, the party asking for the new trial has not probably had a reasonably fair trial, and has not in all probability obtained or received substantial justice, although it might be difficult in many instances for the trial court or the parties to state the grounds for such new trial upon paper so plainly that the Supreme Court could understand them as well as the trial court and the parties themselves understood them. (Following Trower v. Roberts, 17 Okla. 641, 89 Pac. 1113.)

2.   SAME—Grant of New Trial. At the request of the plaintiff in error, over the objection and exception of the defendant in error, the following instruction was given:
     "You are instructed that the proximate cause or causes, of any injury is that efficient and moving cause or causes, with-

out which cause or causes, the injury would not have happened. And, in this case, if you find from the evidence before you that the plaintiff's injuries, if you find that he was injured, was the proximate result of the negligence of the defendant in permitting these fire grates to become and remain defective, or that his injuries were the result of a condition brought about by a combination of both of said alleged causes, then you should find for the plaintiff.''

The defendant in error requested the following instruction, which was refused and exception saved:

''You are instructed that, although you may believe from the evidence that the injury complained of was occasioned by the act of the defendant, still, if you further believe from the evidence that such injury was not the natural result of the acts of the defendant, and could not have been foreseen, or reasonably expected to result from the conduct of the defendant, then the defendant would not be liable.''

A verdict having been returned in favor of the plaintiff in error, a motion for a new trial was, in due time, presented and sustained by the trial court, on the ground that the instruction given did not sufficiently apply the definition of ''proximate cause.'' **Held,** that the action of the trial court in granting a new trial did not constitute reversible error.

(Syllabus by the Court.)

*Error from Superior Court, Pottawatomie County;*
*Geo. C. Abernathy, Judge.*

Action by J. L. Hughes against the Chicago, Rock Island & Pacific Railway Company. Judgment for plaintiff. From order of the court granting a new trial, plaintiff brings error. Affirmed.

*H. H. Smith* and *W. T. Williams,* for plaintiff in error.

*C. O. Blake, H. B. Low, R. J. Roberts,* and *W. H. Moore,* for defendant in error.

WILLIAMS, J. This proceeding in error seeks to have reviewed the action of the trial court in sustaining a motion by the defendant in error for a new trial.

Instruction number 9, given at the request of the plaintiff (plaintiff in error), is as follows:

"You are instructed that the proximate cause or causes, of an injury is that efficient and moving cause or causes, without which cause or causes, the injury would not have happened. And in this case, if you find from the evidence before you that the

plaintiff's injuries, if you find that he was injured, was the proximate result of the negligence of the defendant in permitting these fire grates to become and remain defective, or that his injuries were the result of a condition brought about by a combination of both of said alleged causes, then you should find for the plaintiff."

The defendant (defendant in error) excepted to the giving of this instruction, and requested the following instruction, which was refused, exceptions being saved:

"You are instructed that, although you may believe from the evidence that the injury complained of was occasioned by the act of the defendant, still, if you further believe from the evidence that such injury was not the natural result of the acts of the defendant, and could not have been foreseen, or reasonably expected to result from the conduct of the defendant, then the defendant would not be liable."

The trial court, in passing on the motion for a new trial, held this instruction (given) improper: (1) for the reason that it invades the province of the jury; (2) that it does not apply the definition of "proximate cause," and it does not state the proper rule for determining the liability of the defendant—quoting from Thomp. on Neg., sec. 50, vol. 1, as follows:

"The law does not impute negligence to an injury that could not have been foreseen or reasonably anticipated, as the probable result of a given act or omission. It follows that the negligence of a person cannot be the proximate cause of a harm to another following it, unless, under all the attending circumstances, ordinary prudence would have admonished the person sought to be charged with the negligence that his act or omission would probably result in injury to some one. The greatest test as to whether negligence is the proximate cause of an accident is said to be whether it is such that a person of ordinary intelligence should have foreseen that an accident was liable to be produced thereby."

In *Solts v. Southwestern Cotton Oil Co.*, 28 Okla. 706, 115 Pac. 776, it is said:

" * * * The burden is on plaintiff to prove negligence; to convict the master of negligence, plaintiff must not only prove the injury, but must go further and prove that the failure of the master to use the cover as used the previous season was the proximate cause of his injury, and that the master, by the exercise

of such care and foresight as a man of ordinary prudence should have exercised under like circumstances, should have reasonably anticipated that his failure so to do would result in plaintiff being injured as he was. Coupled with proof of the physical fact of injury, proof of the latter is indispensable to a recovery, for the reason that the master is entitled to the presumption that he has done his duty, and therefore not negligent, and further proof is necessary to overcome this presumption."

In *C., R. I. & P. Ry. Co. v. Ashlock* (not yet officially reported), 129 Pac. 726, by Brewer, C., it is said:

"This reduces the whole matter to the single question of 'proximate cause.' This question was for the jury, if there was any evidence, or inferences to be legitimately drawn from the evidence, viewed in the light of the situation and circumstances of the parties and the work, tending to show that defendant's failure to perform its duty produced the injury, and that such a result might have been reasonably anticipated."

In *C., R. I. & P. Ry. Co. v. Beatty,* 27 Okla. 844, 116 Pac. 171, it is said:

"The correct rule seems to be that a person guilty of negligence or an omission of duty should be held responsible for all the consequences which a prudent and experienced man, fully acquainted with all the circumstances which in fact exist, whether they could have been ascertained by reasonable diligence or not, would have thought at the time of the negligent act as reasonably possible to follow, if they had been suggested to his mind. Shearman & Redfield on Negligence (4th Ed.), sec. 29. The weight of authority seems to be that a party is liable only for such extension of a fire, negligently kindled by him, as a prudent person would have regarded as reasonably possible under the state of wind and weather existing at the time of the fire. Shearman & Redfield on Negligence (4th Ed.), sec. 666."

In *Stephens et al. v. Oklahoma City Ry. Co.,* 28 Okla. 340, 114 Pac. 611, it is said:

" * * * But we are of the opinion that in the instant case, at least, the rule invoked is subject to the limitation pointed. in *Clark v. Chambers,* 3 Q. B. Div. 327, 7 Cent. L. J. 11, that the intervening agency must have been one which the first actor was bound to anticipate. The rule seems to be that where the negligent act causes consequences such as is in the ordinary course of things were likely to arise, and which might, therefore, reasonably be expected to arise, or which it was contemplated by

the parties must arise, liability follows; otherwise not. *Clark v. Chambers, supra.* In *Sharp v. Powell,* 20 W. R. 584, L. R. 7, C. P. 253, one of the cases cited by Cockrum, C. J., in *Clark v. Chambers,* it was held that 'the action would not lie where the injury, though arising from the unlawful act of the defendant, could not have been reasonably expected to follow from it.' In that case Lord Chief Justice Bovill says: 'No doubt one who commits a wrongful act is responsible for the ordinary consequences which are likely to result therefrom; but, generally speaking, he is not liable for damage which is not the natural or ordinary consequences of such an act, unless it be shown that he knows, or has reasonable means of knowing, that consequences not usually resulting from the act are, by reason of some existing cause, likely to intervene so as to occasion damage to a third person. Where there is no reason to expect it, and no knowledge in the person doing the wrongful act that such a state of things exists as to render the damage probable, if injury does result to a third person, it is generally considered that the wrongful act is not the proximate cause of, the injury so as to render the wrongdoer liable to an action.'

"Mr. Justice Strong, discussing this question in *Milwaukee & St. P. Ry. Co. v. Kellog,* 94 U. S. 469, 24 L. Ed. 256; said: 'But it is generally held that, in order to warrant a finding that negligence or an act not amounting to wanton wrong is the proximate cause of an injury, it must appear that the injury was the natural and probable consequence of the negligence or wrongful act, and that it ought to have been foreseen in the light of the attending circumstances.'

"Even the severe rule of care and diligence which the law imposes upon carriers of passengers does not extend so far as to make one liable for an injury to a passenger from an accident which is not the reasonable, natural, and probable result of the situation, and which could not have been foreseen by the carrier in the exercise of that degree of care which the law demands of him. 3 Thompson's Commentaries on the Law of Negligence, sec. 2778. 'The reason of the rule is that the law holds a person liable for those consequences only which were the natural and probable result of his negligence, and which therefore ought to have been foreseen and anticipated."

In view of the instruction given at the request of plaintiff (plaintiff in error), the refusal of said instruction asked by the defendant (defendant in error) to be given was error. *St. Louis & S. F. R. Co. v. Crowell,* 33 Okla. 773, 127 Pac. 1063.

In *Trower v. Roberts,* 17 Okla. 641, 89 Pac. 1113, it is said:

"Now, if the action of the court upon either of these two motions was correct, this case must be affirmed. And we take the rule to be well established that trial courts are invested with a very large and extended discretion in the granting of new trials, and new trials ought to be granted whenever in the opinion of the trial court the party asking for the new trial has not in all probability had a reasonably fair trial, and has not in all probability obtained or received substantial justice, although it might be difficult for the trial court, or the parties, to state the grounds for such new trial upon paper so plainly that the Supreme Court could understand them as well as the trial court and the parties themselves understood them. The Supreme Court will not reverse the order of the trial court granting a new trial, unless said court can see beyond all reasonable doubt that the trial court has manifestly and materially erred with respect to some simple, pure, and unmixed question of law, and that, except for such error, the ruling of the trial court would not have been made as it was so made, and that it ought not to have been so made. As the granting of a new trial simply places the parties in a position to have the issues between them again submitted to a jury or the court, the showing for reversal should be much stronger where the error assigned is the granting of a new trial than where it is the refusal of it. *City of Sedan v. Susan B. Church,* 29 Kan. 137."

In *Hogan et al. v. Bailey,* 27 Okla. 15, 110 Pac. 890, it is said:

"The trial court has a higher function under our jurisprudence than to act merely as a moderator or umpire between contending adversaries before a jury. Not only is it charged with the duty of seeing that the course and conduct of the trial gives to each of the litigants a fair opportunity to present his cause and to have the facts weighed in the light of proper instructions declaring the law relative thereto, but it is the imperative, abiding duty of the court, after the jury has returned its verdict and awarded to one or the other success in the controversy, where the justness of the same is challenged as in this case, to carefully weigh the entire matter, and, unless it is satisfied that the verdict is responsive to the demands of justice, to set the verdict aside and grant a new trial. Not only must the jury be satisfied of the righteousness of the conclusion to which it arrives, but, unless that conclusion meets the affirmative, considerate approval of the

mind and conscience of the court, it should not, where challenged, be permitted to stand."

See, also, *Citizens' State Bank of Lawton v. Chattanooga State Bank et al.*, 23 Okla. 767, 101 Pac. 1118; *Davis v. Stilwell*, 32 Okla. 757, 124 Pac. 74; *Jameson v. Classen Co.*, 33 Okla. 77, 124 Pac. 67; *Ardmore Lodge No. 9, I. O. O. F., v. Dawson*, 33 Okla. 37, 124 Pac. 66; *Stapleton v. O'Hara*, 33 Okla. 79, 124 Pac. 55; *Chapman v. Mason*, 30 Okla. 500, 120 Pac. 250; *National R. & B. Supply Co. v. Elsing*, 29 Okla. 334, 116 Pac. 790; *Jacobs v. City of Perry*, 29 Okla. 743, 119 Pac. 243; *Exchange Bank of Wewoka et al. v. Bailey*, 29 Okla. 246, 116 Pac. 812; *Hobbs v. Smith et al.*, 27 Okla. 830; *Duncan v. McAlester-Choctaw Coal Co.*, 27 Okla. 427, 112 Pac. 982.

Under the foregoing authorities it is not essential to determine whether the error committed in refusing said instruction could work a reversal on review in this court, had the trial court overruled the motion for a new trial.

Not being justified in holding that the court abused its discretion in awarding a new trial, under this record and said authorities, it is our duty to affirm its action in awarding a new trial.

The other grounds upon which it sustained the motion for a new trial not being likely to arise upon another trial, the same are not passed upon.

The judgment of the lower court is affirmed.

All the Justices concur.