## ST. LOUIS & S. F. R. CO. v. WOOTEN.

### No. 1116. Opinion Filed May 20, 1913.

#### (132 Pac. 479.)

**APPEAL 'AND ERROR—Discretionary Ruling—Granting of New Trial.** The discretion of the trial court in granting a new trial is so broad, that its action in so doing will not be disturbed on appeal unless the record shows clearly that the court has erred in its view of some pure and unmixed question of law, and that the order granting a new trial is based upon such erroneous view. of the law.

(Syllabus by Brewer, C.)

*Error from · District Court, Pontotoc County;*
*A. T. West, Judge.*

Action by W. W. 'Wooten against the St. Louis & San Francisco Railroad Company. From an order setting aside a verdict for defendant and granting a new trial, defendant brings error. Affirmed.

*W. F. Evans* and *R. ˙A. Kleinschmidt,* for plaintiff in error.
*Stone & Maxey* and *John I. McCoole,* for defendant in error.

Opinion by BREWER, C. This suit was brought to recover damages for a personal injury by W. W. Wooten, as plaintiff below, alleged to have been caused by the negligence of the defendant. The railroad company filed its answer, which consisted of a general denial, and that, if plaintiff was injured as alleged, he was guilty of contributory negligence. The issues thus presented were submitted by the court to a jury, which heard the testimony of numerous witnesses, and a general verdict was returned by nine jurors in favor of the defendant. Within proper time the plaintiff filed a motion for a new trial, setting up a number of grounds therefor, viz.: That the verdict was contrary to law; that it is contrary to the evidence; that the court erred in refusing to admit certain evidence; that the court erred in giving certain instructions at defendant's request and over plaintiff's objection, and because of various errors of law occurring at the trial, and which were duly excepted to.

At a hearing of a motion for a new trial, the court granted the same and entered the following order:

"On this, the 13th day of November, 1909, came on to be heard the plaintiff's motion for a new trial in the above cause, and the court, after consideration of the same, finds that the same should be sustained and the plaintiff granted a new trial."

This was followed by a general order setting aside the verdict of the jury and ordering a new trial of the cause. As the order shows, no reason is given by the court for this action.

Beginning with the early opinions of the Oklahoma Territorial Supreme Court, it has been held in an unbroken line of decisions that, in the matter of granting a new trial, the discretion of the trial court is very wide; indeed, that it is so extensive that its action in doing so will not be set aside on appeal unless it clearly appears that in granting the new trial it has taken an erroneous view of some pure, unmixed question of law, and that this erroneous view resulted in the order. *Trower v. Roberts,* 17 Okla. 641, 89 Pac. 1113. Since statehood this rule has been followed in a multitude of decisions;

the latest, perhaps, being the case of *Hughes v. C., R. I. & P. Ry. Co.*, 35 Okla. 482, 130 Pac. 591. The syllabus of that case is as follows:

"Trial courts are invested with a very large and extended discretion in the granting of new trials, and new trials ought to be granted whenever in the opinion of the trial court the party asking for the new trial has not probably had a reasonably fair trial, and has not in all probability obtained or received substantial justice, although it might be difficult in many instances for the trial court or the parties to state the grounds for such new trial upon paper so plainly that the Supreme Court could understand them as well as the trial court and the parties themselves understood them. Following *Trower v. Roberts,* 17 Okla. 641, 89 Pac. 1113."

To the same effect are the following decisions: *State Bank of Lawton v. Chattanooga State Bank et al.,* 23 Okla. 767, 101 Pac. 1118; *Davis v. Stillwell,* 32 Okla. 757, 124 Pac. 74; *Jamieson v. Classen Co.,* 33 Okla. 77, 124 Pac. 67; *Ardmore Lodge No. 9, I. O. O. F. v. Dawson,* 33 Okla. 37, 124 Pac. 67; *Stapleton v. O'Hara,* 33 Okla. 79, 124 Pac. 55; *Chapman v. Mason,* 30 Okla. 500, 120 Pac. 250; *National R. & B. Supply Co. v. Elsing,* 29 Okla. 334, 116 Pac. 790; *Jacobs v. City of Perry,* 29 Okla. 743, 119 Pac. 243; *Exchange Bank of Wewoka et al. v. Bailey,* 29 Okla. 246, 116 Pac. 812, 39 L. R. A. (N. S.) 1032; *Hobbs v. Smith et al.,* 27 Okla. 830, 115 Pac. 347, 34 L. R. A. (N. S.) 697; *Duncan v. McAlester-Choctaw Coal Co.,* 27 Okla. 427, 112 Pac. 982; and many other cases by this court which we consider it unnecessary to collect.

Some criticism has been made as to the extent to which this doctrine has been carried; but to a man who has been a student of, and observed trials, it needs no defense. No appellate court, be it ever so wise or experienced, can get as correct an idea from a cold mute record of a court proceeding as to whether or not a losing litigant has had a reasonably fair trial, and as to whether or not justice has prevailed, as can the trial judge who conducts the proceedings, sees and hears the parties, the witnesses, their manner of testifying, and what they say, and

how they look and act while saying it.   To the trial judge the human element of the case appears; the personal equation enters in.   As was well said by Chief Justice Dunn in *Hogan et al. v. Bailey,* 27 Okla. 15, 110 Pac. 890:

"The trial court has a higher function under our jurisprudence than to act merely as a moderator or umpire between contending adversaries before a jury.   Not only is it charged with the duty of seeing that the course and conduct of the trial gives to each of the litigants a fair opportunity to present his cause and to have the facts weighed in the light of proper instructions declaring the law relative thereto, but it is the imperative, abiding duty of the court after the jury has returned its verdict and awarded to one or the other success in the controversy, where the justness of the same is challenged as in this case, to carefully weigh the entire matter, and, unless it is satisfied that the verdict is responsive to the demands of justice, to set the verdict aside and grant a new trial.   Not only must the jury be satisfied of the righteousness of the conclusion to which it arrives, but, unless that conclusion meets the affirmative, considerate approval of the mind and conscience of the court, it should not, where challenged, be permitted to stand."

As has been seen, this record throws no light whatever as to the reasons in the mind of the trial judge causing him to grant a new trial in this case.   For us to attempt to assign any particular reason why he did so would be but a mere speculation.   The verdict evidently, for some reason, did not meet his approval.

It is strongly urged that the entire evidence in this case is insufficient to show liability on the part of defendant.   The evidence in the record is weak, and, unless it should be strengthened at another trial, it may be well doubted whether another jury would change the verdict arrived at by the first one; but, in appeals from orders granting a new trial, this court does not search for errors with the same care as in cases where a new trial is refused; this is justified because this court does not know the reasons growing out of the facts, conduct of the parties, and the circumstances surrounding the case, which convinced the court that the losing party had not had a reasonably

fair trial. And further, when a new trial is ordered, the rights of the parties are not finally fixed; their cause is to be tried out again, with the presumption attending it that justice will prevail. Where the new trial is refused, an affirmance here forever settles the rights of the parties, and therefore this court is, in such situation, charged with the duty of saying whether or not the parties have had a reasonably fair trial.

The cause should be affirmed.

By the Court: It is so ordered.