## HOWARD MERCANTILE CO. v. MOORE.

No. 3006.    Opinion Filed January 13, 1914.

(137 Pac. 1172.)

**APPEAL AND ERROR** —Discretionary Ruling—Granting New Trial.
The granting of a new trial being so much within the discretion
of the trial court, this court will not reverse an order of such
court granting a new trial, unless error is clearly established in
respect to some pure, simple, and unmixed question of law.

(Syllabus by the Court.)

*Error from County Court, Ellis County;*
*A. L. Squire, Judge.*

Action by the Howard Mercantile Company against W. F.
Moore. Judgment for plaintiff, and from an order granting a
new trial plaintiff brings error. Affirmed.

*C. B. Leedy* and *Charles Swindall,* for plaintiff in error.

*W. H. Springfield* and *C. B. Warren,* for defendant in error.

WILLIAMS, J.   This proceeding in error is to review the
action of the trial court wherein the plaintiff in error, as plain-
tiff, sued the defendant in error, as defendant, in a replevin ac-
tion to recover the possession of certain personalty described in
a chattel mortgage given by said defendant to said plaintiff to
secure the payment of a note in the sum of $600 and interest.
The parties will hereinafter be referred to in the manner in which
they appeared in the trial court.

The questions presented for determination are :   (1) As to
whether the trial court committed reversible error in sustaining
the defendant's motion for a new trial; (2) whether, as a mat-
ter of law, the plaintiff was the real party in interest; or, if
not, (3) was the question properly submitted to the jury?

The jury having returned a verdict in favor of the plaintiff,
the court sustained a motion for a new trial and set aside the
verdict upon the following grounds:

"That the court erred in refusing to sustain defendant's motion to peremptorily instruct the jury to return for the defendant after all the evidence had been introduced showing that plaintiff was not the owner and holder of the note described by the mortgage sought to be foreclosed in suit, and that said verdict is contrary to weight of evidence offered herein."

The first ground assigned as a reason for setting aside the verdict, to wit, that the court erred in refusing to peremptorily instruct the jury to return for the defendant on the ground that the plaintiff was not the owner and holder of the note under the record, was purely a question of law. The latter ground that the verdict was contrary to the weight of the evidence involved a mixed question of law and fact; under such circumstances the action of the trial court in granting a new trial will not be disturbed. *Hughes v. C., R. I. & P. Ry. Co.*, 35 Okla. 482, 130 Pac. 591, and authorities therein cited.

In view of the foregoing conclusion· it is not essential to pass on the other questions raised in order to dispose of this proceeding in error.

The judgment of the lower court is affirmed.

All the Justices concur.