**MISSOURI, K. & T. R. CO. v. JAMES.**

No. 6682—Opinion Filed July 11, 1916.

Rehearing Denied Sept. 26, 1916.

(159 Pac. 1109.)

1. **New Trial—Right to—Discretion of Trial Court.**

Trial courts are vested with a very large and extended discretion in the granting of new trials, and new trials ought to be granted whenever in the opinion of the trial court, the party asking for a new trial has not probably had a reasonably fair trial, and has not, in all probability, obtained or received substantial justice, although it might be difficult, in many instances, for the trial court or the parties to state the grounds for such new trial upon paper so plainly that the Supreme Court could understand them as well as the trial court and the parties themselves understood them.

2. **Appeal and Error — Granting of New Trial.**

As the granting of a new trial only places the parties in a position to have the issues between them again submitted to a jury or court, the showing for reversal should be much stronger where the error assigned is the granting of a new trial than where it is the refusal.

3. **Same.**

The granting of a new trial being so much within the discretion of the trial court, this court will not reverse an order of such court granting a new trial, unless error is clearly established in respect to some pure, simple, and unmixed question of law. The Supreme Court will not reverse the ruling of the trial court granting a new trial unless it can be seen beyond all reasonable doubt that the trial court has manifestly and materially erred with respect to some pure, simple and unmixed question of law, and that except for such error the ruling of the trial court would not have been so made. The Supreme Court will very seldom and very reluctantly reverse the decision or order of the trial court which grants a new trial.

4. **Death—New Trial—Actions — Wrongful Death—Instructions.**

The giving of this instruction by the court

on its own motion to the jury upon the trial of this cause was, we think, erroneous, highly prejudicial to the substantial rights of the plaintiff, preventing him from having a fair and impartial trial under the Constitution and laws of our state, and would have constituted reversible error, and therefore the trial court's action, in the exercise of that sound discretion vested in him under the law as to the matter of granting or refusing a motion for a new trial, in correcting the reversible error thus committed by him, and in granting the plaintiff's motion for a new trial, and in setting aside the judgment theretofore rendered, was eminently right, just, and proper, is free from reversible error, and will not be disturbed by this court on appeal.

(Syllabus by Davis, C.)

Error from District Court, Pontotoc County; Tom D. McKeown, Judge.

Action by Gipson James against the Missouri, Kansas & Texas Railway Company. Judgment for defendant, but the trial court granted plaintiff a new trial and set the judgment for defendant aside. Defendant brings error. Affirmed.

Clifford L. Jackson. W. R. Allen, and M. D. Green, for plaintiff in error.

Geo. W. Burris, C. C. Williams, and J. W. Dean, for defendant in error.

Opinion by DAVIS, C. We will mention the parties to this action throughout this opinion as they were designated in the trial court. The plaintiff, Gipson James, sued the defendant railway company in the district court of Pontotoc county, Okla., to recover the sum of $3,000 for the alleged negligent killing of his son Lavin James, on a public highway crossing in said county on October 12. 1912, at about 11 o'clock p. m. Plaintiff further alleged in his petition that his son was 17 years of age at the time of his death, and was living with plaintiff. A trial to a jury resulted in a verdict against plaintiff and in favor of the defendant on September 24, 1913, and on the same day the trial court rendered judgment on said verdict that the

plaintiff take nothing by reason of the matters and things in this suit, and that the defendant have and recover of and from the plaintiff, Gipson James, all of its costs in this behalf laid out and expended. The court gave in his charge to the jury instruction No. 14, on his own initiative or motion, which instruction is as follows:

"The court instructs the jury that the testimony of the inheritance of the allotment of the deceased by the plaintiff is admitted in this case for your consideration in determining whether the value of said allotment so inherited was, at the time of his death, in excess of, or equal to, any money that the deceased was contributing to the plaintiff from said allotment, and if you find from said evidence that the value of the inheritance was equal to or exceeded the amount 'that the plaintiff would have received as a contribution from the deceased from this source alone, until. he arrived at his majority, then the plaintiff would not be entitled to recover in damages for any loss sustained, if any."

On September 25, 1913, the plaintiff filed the following motion for a new trial, omitting caption and mere formal parts:

"Comes now the plaintiff and moves the court to vacate and set aside the verdict and judgment rendered herein on the 24th day of September, 1913, and to grant a new trial, for the following causes, which affect materially the substantial rights of said plaintiff:

"First. Irregularity in the proceedings of the court by which the plaintiff was prevented from having a fair trial.

"Second. Error of law occurring at the trial, and duly excepted to at the time by the plaintiff.

"Third. That the verdict is not sustained by sufficient evidence and is contrary to law.

"Fourth. Error of the court in allowing the introduction of testimony on behalf of the defendant over the objection of the plaintiff, which was duly excepted to by the plaintiff.

"Fifth. Error of the court in giving instructions Nos. (7), (8), (10), (11), (14), and (15), excepted to by plaintiff.

"In support whereof, plaintiff respectfully prays the court to grant this motion and set aside and vacate the verdict and judgment herein and grant a new trial in this cause."

And thereafter, and on, to wit, the 31st day of January, 1914, came on for hearing the motion of the plaintiff for a new trial, and after argument of counsel the court took the matter under advisement. And on April 6, 1914, the court entered the following journal entry:

"Now, on this 6th day of April, 1914, the same being one of the regular judicial days of the February, 1914, term of said court, the motion of the plaintiff for a new trial in the above entitled action having been heretofore, on the 31st day of January, 1914, argued and submitted to the court and by the court taken under advisement, being under consideration, and the court, being fully advised in the premises, finds: That said motion for a new trial should be granted upon the fifth ground thereof, for the error of the court in giving to the jury of its own motion instruction No. 14, which is as follows: 'The court instructs the jury that the testimony of the inheritance of the allotment of the deceased by the plaintiff is admitted in this case for your consideration in determining whether the value of said allotment so inherited was at the time of his death in value in excess of, or equal to, any money that the deceased was contributing to the plaintiff from said allotment, and if you find from said evidence that the value of the inheritance was equal to or exceeded the amount that the plaintiff would have received as a contribution from the deceased from this source alone until he arrived at his majority, then the plaintiff would not be entitled to recover in damages for the loss thus sustained, if any'—and that said motion should be overruled on all other grounds, and said judgment of September 24, 1913, be set aside.

"It is therefore considered and ordered by the court that the motion of the plaintiff for a new trial be, and the same is hereby sustained, upon the ground and for the reason hereinabove set forth, and that said motion be, and the same is hereby, overruled as to all other grounds, to which action of the court in sustaining said motion the defendant at the time excepted. And thereupon, upon motion of the defendant, and good cause having been shown to the court, the defendant is granted an extension of time of 90 days from this date in which to prepare and serve case-made for appeal to the Supreme Court of Oklahoma, plaintiff to have 10 days thereafter to suggest amendments, said case-made to be then settled upon 5 days' notice in writing, from either party for that purpose, and petition in error to be filed in the Supreme Court within 180 days."

The sole question here for our determination, and the only one that we shall consider, is the question as to whether or not the trial court erred in sustaining the motion of the plaintiff for a new trial on the ground set forth in said journal entry, supra, and in setting aside the judgment of the court rendered on the verdict of the jury returned in the cause at the trial, from which the defendant appealed. In Cyc. vol. 13, at page 364, under the head of damages for death by wrongful act, it is said:

"The rule seems to be well recognized that it cannot be shown in mitigation of damages

that plaintiff or beneficiary acquired property by descent from deceased or received a sum of money for insurance upon his life."

In the footnotes under the above rule cited from Cyc. we find that, of all the states there given as following the rule, Texas alone follows the other rule and permits inheritance of property to be shown in mitigation of damages. This question came before the Supreme Court of Washington in the case of Rochester v. Seattle R. & S. Ry. Co., 75 Wash. 559, 135 Pac. 209, and it is there said:

"Expectation of inheritance is not properly one of the elements of loss to children in a case of this kind (damages for death caused by wrongful acts) and should not be allowed to enter into the question in any way whatever."

In this case it was an action brought for a minor child for death of its father, just the reverse to the case at bar, but it seems that the principle should be the same in either case.

In the exercise of that broad discretion given to the trial courts in passing upon motions for new trials, the learned trial court in this case has said by his order that error was committed in giving the instruction herein complained of by the plaintiff, and which error affected the material rights of the plaintiff. Now, if this were an appeal from the verdict of the jury in favor of the plaintiff, and which verdict had been approved by the trial court on motion for a new trial, this court would be loath to disturb that verdict, unless the record disclosed some error in the court's view of some pure and unmixed question of law during the trial of said cause which affected the rights of one litigant party or the other, but, being an appeal, as it is, from an order of the trial court, made in the exercise of that enlarged degree of discretion with which the trial courts have been invested by the oftrepeated decisions of this court, this court will certainly not reverse that order unless it finds that the lower court has abused that discretion. This court, in the case of St. Louis & S. F. R. Co. v. Wooten, 37 Okla. 444, 132 Pac. 479, say:

"Beginning with the early opinions of the Oklahoma Territorial Supreme Court, it has been held in an unbroken line of decisions that, in the matter of granting a new trial, the discretion of the trial court is very wide; indeed, that it is so extensive that its action in doing so will not be set aside on appeal unless it clearly appears that in granting the new trial it has taken an erroneous view of some pure, unmixed question of law, and

that this erroneous view resulted in the order. Trower v. Roberts, 17 Okla. 641, 89 Pac. 1113. Since statehood this rule has been followed in a multitude of decisions; the latest, perhaps, being the case of Hughes v. C.. R. I & P. R. Co., 35 Okla. 182, 130 Pac. 591, written by Justice Williams, and handed down February 18, 1913. The syllabus of that case is as follows: 'Trial courts are invested with a very large and extended discretion in the granting of new trials, and new trials ought to be granted whenever, in the opinion of the trial court, the party asking for the new trial has not probably had a reasonably fair trial, and has not, in all probability, obtained or received substantial justice, although it might be difficult in many instances for the trial court or the parties to state the grounds for such new trial upon paper so plainly that the Supreme Court could understand them as well as the trial court and the parties themselves understood them. Following Trower v. Roberts, 17 Okla. 641, 89 Pac. 1113.' * * * *

"Some criticism has been made as to the extent to which this doctrine has been carried; but to a man who has been a student of, and observed, trials it needs no defense. No appellate court, be it ever so wise or experienced, can get as correct an idea from a cold, mute record of a court proceeding as to whether or not a losing litigant has had a reasonably fair trial, and as to whether or not justice has prevailed, as can the trial judge who conducts the proceedings, sees and hears the parties, the witnesses, their manner of testifying, and what they say, and how they look and act while saying it. To the trial judge the human element of the case appears; the personal equation enters in. As * * * said by Chief Justice Dunn in Hogan et al. v. Bailey, 27 Okla. 15, 110 Pac. 890: 'The trial court has a higher function under our jurisprudence than to act merely as a moderator or umpire between contending adversaries before a jury. Not only is it charged with the duty of seeing that the course and conduct of the trial gives to each of the litigants a fair opportunity to present his cause and to have the facts weighed in the light of proper instructions declaring the law relative thereto, but it is the imperative, abiding duty of the court, after the jury has returned its verdict and awarded to one or the other success in the controversy, where the justness of the same is challenged as in this case, to carefully weigh the entire matter, and, unless it is satisfied that the verdict is responsive to the demands of justice, to set the verdict aside and grant a new trial. Not only must the jury be satisfied of the righteousness of the conclusion to which it arrives, but, unless that conclusion meets the affirmative, considerate approval of the mind and conscience of the court, it should not, where challenged, be permitted to stand.'

"As has been seen, this record throws no light whatever as to the reasons in the mind

of the trial judge, causing him to grant a new trial in this case. For us to attempt to assign any particular reason why he did so would be but a mere speculation. The verdict evidently, for some reason, did not meet his approval."

The above case was one instituted by plaintiff to recover damages for personal injuries. The trial resulted in a verdict in favor of the defendant, and a new trial was granted the plaintiff, and, so far as procedure is concerned, is exactly similar to the case at bar. While the trial court in granting the new trial did not specify any particular reason for granting the same, as was done in the case at bar, yet, we think, from the broad language of the court in the decision above is to be found sufficient justification for the trial court in granting the new trial in the case at bar.

"As the granting of a new trial only places the parties in a position to have the issues between them again submitted to a jury or court, the showing for reversal should be much stronger where the error assigned is the granting of a new trial than where it is the refusal. Trower v. Roberts, 17 Okla. 641, 89 Pac. 1113.

"The granting of a new trial being so much within the discretion of the trial court, this court will not reverse an order of such court granting a new trial, unless error is clearly established in respect to some pure, simple, and unmixed question of law. Citizens' State Bank v. Chattanooga State Bank, 23 Okla. 767, 101 Pac. 1118; National Refrigerator & Butchers' Supply Co. v. Elsing, 29 Okla. 334, 116 Pac. 790; Trower v. Roberts, 17 Okla. 641, 89 Pac. 113; Weller v. Western State Bank, 18 Okla. 478, 90 Pac. 877.

"The Supreme Court will not reverse the ruling of the trial court granting a new trial unless it can be seen beyond all reasonable doubt that the trial court has manifestly and materially erred with respect to some pure, simple, and unmixed question of law, and that except for such error the ruling of the trial court would not have been so made. The Supreme Court will very seldom and very reluctantly reverse the decision or order of the trial court which grants a new trial. Hogan v. Bailey, 27 Okla. 15, 110 Pac. 890; Duncan v. McAlester-Choctaw Coal Co., 27 Okla. 427, 112 Pac. 982; Chapman v. Mason, 30 Okla. 500, 120 Pac. 250; Linderman v. Nolan, 16 Okla. 352, 83 Pac. 796; Jacobs v. Perry, 29 Okla. 743, 119 Pac. 243."

No one, except the jurors themselves, can say for a certainty what effect the instruction complained of had upon them in their deliberations. They might have concluded from the testimony and from the instruction given on the measure of damages for death of the minor son, that the plaintiff was entitled to recover, say, $2,000; also, that the land shown to have been inherited was worth the sum of $2,000, but under the instruction of the court, in that event, the jury was precluded from finding a verdict for plaintiff, while without the instruction on the question of inheritance they would have found for the plaintiff.

The giving of this instruction by the court on its own motion to the jury upon the trial of this cause, was, we think, erroneous, highly prejudicial to the substantial rights of the plaintiff, preventing him from having a fair and an impartial trial under the Constitution and laws of our state, and would have constituted reversible error, and therefore the trial court's action, in the exercise of that sound discretion vested in him under the law as to the matter of granting or refusing a motion for a new trial, in correcting the reversible error thus committed by him, and granting the plaintiff's motion for a new trial, and in setting aside the judgment theretofore rendered, was eminently right, just, and proper, is free from reversible error, and will not be disturbed by this court on appeal.

For the reasons stated herein the judgment of the trial court appealed from, in which said court sustained the plaintiff's motion for a new trial, granted and ordered a new trial and set aside the judgment theretofore rendered, is affirmed in all things, and said court is directed to proceed with the trial of said cause in due course and according to law.

By the Court: It is so ordered.