## SHAWNEE MUT. FIRE INS. CO. v. SCHOOL BOARD OF SCHOOL DIST. NO. 31, GRADY COUNTY.

### No. 2789. Opinion Filed September 22, 1914.

### (143 Pac. 194.)

1. **NEW TRIAL—Power to Grant—Demurrer to Evidence.** A ruling on a demurrer to the evidence being a decision occurring at the trial, and to review which, on appeal, a motion for a new trial is necessary, it follows that, although the trial court sustained a demurrer to the evidence, yet, upon a motion for new trial being filed, the court has the power to grant it.

2. **APPEAL AND ERROR—Discretionary—Ruling—Granting New Trial.** The discretion of the trial court in granting a new trial is so broad that its action in so doing will not be disturbed on appeal until the record shows clearly that the court has erred in its view of some pure and unmixed question of law, and that the order granting a new trial is based upon such erroneous view of the law.

3. **INSURANCE—Policy—Construction.** A policy of fire insurance in the standard form prescribed by chapter 38, art. 2, Rev. Laws 1910, is not to be treated as a legislative enactment after it has been accepted by the parties, but as a voluntary contract, which, like any other contract, derives its force and efficacy from the consent of the parties.

4. **SAME.** The terms and provisions of the standard policy of fire insurance, the use of which is required by legislative enactment, are to be considered as employed in the sense in which they were used and interpreted by the courts before that form of policy was adopted.

(Syllabus by Brewer, C.)

*Error from District Court, Grady County; Frank M. Bailey, Judge.*

Action by the School Board of School District No. 31, Grady county, Okla., a corporation, suing by R. C. Murnan, director, against the Shawnee Mutual Fire Insurance Company, a corporation. Judgment for plaintiff, and defendant brings error. Affirmed.

*E. C. Stanard, J. H. Wahl,* and *C. H. Ennis,* for plaintiff in error.

4  SUPREME COURT OF OKLAHOMA.

Shawnee Mut. Fire Ins. Co. v. School Dist. No. 31, Grady County.

*F. E. Riddle,* for defendant in error.

Opinion by BREWER, C. This is a suit on a policy of fire insurance. The main defense of the company was the claim that the policy had been forfeited by the use of gasoline on the premises, contrary to an answer made in the application for insurance, and because it increased the hazard. The school district pleaded a waiver in that, among other things, the insurance company with full knowledge of all the facts, and especially the facts set out as defensive matter avoiding the policy, received from the school district the payment of a school warrant which had been issued at the time of the execution of the policy. The school district also claimed that the agent taking the application for the insurance was fully informed of the uses to which the building would be put, and of how it was to be lighted, and was directed to put same in the application for insurance, and agreed to do so, and that the officers of the school district believed it had been done, and that therefore the agent taking the application was the agent of the company, and his knowledge bound it within the scope of his agency, which scope embraced those matters involved in the taking of the application. At a trial had at the October, 1909, term of court, the court sustained the demurrer of the insurance company to the evidence; and within three days thereafter, the school district filed its motion for a new trial, which motion was continued over until the January term of court, at which term it was sustained and a new trial granted. The insurance company appeals, by case-made properly certified, from the order of the court sustaining the motion for a new trial.

To sustain its appeal, the insurance company urges : (1) That a motion for a new trial is unnecessary and improper where the court sustains a demurrer to the evidence; and (2) a motion for a new trial being improper and unnecessary, the court lost jurisdiction, to vacate the order sustaining the demurrer to the evidence, with the expiration of the term at which it was entered, and for that reason the judgment of the court became final, and the court was without power to order a new trial. The insurance

company further contends and argues that the action of the court in sustaining the demurrer to the evidence was proper, and will so appear from an examination of the evidence, because: (1) That when the school warrant was received, it was the equivalent of a cash payment, and therefore, having received the money on the warrant with knowledge of all the facts and circumstances concerning the risk, would not constitute a waiver of the forfeiture of the policy; and (2) if this position is held to be untrue, and the warrant is to be considered as an obligation rather than as a cash payment, then the same was past due when the fire occurred, and the policy was void under other provisions of the policy; and (3) that this policy, being in the form prescribed by the Legislature, is to be construed as a statute, as well as a contract, and that there could be no waiver except by written indorsement on the policy made by an officer of the company.

1. Taking the points up in the order named, counsel are in error in the contention that a motion for a new trial is unnecessary and improper in cases where the court has sustained a demurrer to the evidence. The contrary is true in this jurisdiction, as may be seen from a number of decisions of this court. In the case of *Insurance Co. of North America v. Little,* 34 Okla. 449, 125 Pac. 1098, this precise point was under review, and the court in that case uses the following language in the syllabus:

"A ruling on a demurrer to the evidence being a decision occurring at the trial, and to review which, on appeal, a motion for a new trial is necessary, it follows that, although the trial court sustained a demurrer to the evidence, yet, upon a motion for new trial being filed, the court has the power to grant it."

The above case relies for authority upon *Stump v. Porter,* 31 Okla. 157, 120 Pac. 639; *Ardmore Oil & Milling Co. v. Doggett Grain Co.,* 32 Okla. 280, 122 Pac. 241; *Gruble v. Ryus et al.,* 23 Kan. 195; *Pratt v. Kelley,* 24 Kan. 111; *Norris v. Evans,* 39 Kan. 668, 18 Pac. 818; *Lott v. K. C., Ft. S. & G. R. R. Co.,* 42 Kan. 293, 21 Pac. 1070; and *Coy v. Missouri Pacific Ry. Co.,* 69 Kan. 321, 76 Pac. 844.

2. Plaintiff's contention that a motion for a new trial was unnecessary, under the circumstances of this case, having failed,

6        SUPREME COURT OF OKLAHOMA.

Shawnee Mut. Fire Ins. Co. v. School Dist. No. 31, Grady County.

his second contention that the court was without jurisdiction to pass upon the motion, after the expiration of the term at which the judgment was entered sustaining the demurrer to the evidence, also fails for the reason that the court may continue the hearing of a motion for a new trial to another term and retain jurisdiction then to pass upon it. Having determined that a motion for a new trial was proper, and that therefore the court had jurisdiction to pass upon the same at the succeeding term, we find that all that is left in the case is the demand that we review the action of the court in granting a new trial; and, in undertaking so to review this action, we are met at the outset with the very long line of authorities holding, as was said in *St. L. & S. F. R. Co. v. Wooten* (not yet officially reported) :

"The discretion of the trial court in granting a new trial is so broad that its action in so doing will not be disturbed on appeal until the record shows clearly that the court has erred in its view of some pure and unmixed question of law, and that the order granting a new trial is based upon such erroneous view of the law."

The above text in the Wooten case is based upon ten or twelve cases cited, to which we might add numerous others, if we considered it necessary. The reason for so holding is also gone into at some length in that case, which includes a lengthy quotation from the earlier case of *Hogan et al. v. Bailey,* 27 Okla. 15, 110 Pac. 890, in which case Justice Dunn went very fully and thoroughly into the matter. In this case the motion for a new trial embraced the following grounds :

"That the decision is contrary to the evidence."
"That the decision is contrary to law."
"For errors of law occurring at the trial."
"Error in excluding certain testimony."
"Error in sustaining the demurrer to the evidence."

The order of the court granting a new trial does not in any way indicate upon what ground or for what reason the court based its conclusion. The order simply recites :

"The court being fully advised in the premises, both as to the law and facts, finds that the motion for a new trial of the said

plaintiff herein is well taken, and that the same should be sustained."

The order then proceeds to sustain the motion for a new trial, etc. Of course it would be impossible, from this record as above shown, to declare that the court, in sustaining the motion for a new trial, committed error upon some pure and unmixed question of law, not involving a consideration of the facts. Not being able so to declare, we are prevented from reversing this case and disturbing the discretion of the court exercised herein, by the decisions above mentioned, to which we might add a vast array of cases not cited therein.

It will be observed that a very different rule obtains in construing the action of the court in granting a new trial from that invoked where a new trial is refused. Where a new trial is granted, the rights of the parties are not finally adjudicated. They still have a right to go fully into the matter before the court or jury. The winning party may again prevail, and, should he lose, he can then bring his case here for a further review; but, where a motion for a new trial is denied, the rights of the parties are forever settled, so far as the trial court is concerned, and, if any relief is to be granted, it must be granted here or not at all; therefore, when a motion for a new trial is denied, this court will examine the record with care, scrutinizing the evidence, where necessary and proper to determine whether or not the plaintiff in error has been denied any substantial right, or whether or not there has been error committed to his substantial prejudice. Not so where the motion is sustained. Unless it is clearly shown that the court erred upon some unmixed question of law, the action of the court will not be disturbed. *Trower v. Roberts,* 17 Okla. 644, 645, 89 Pac. 1113. *Ten Cate v. Sharp,* 8 Okla. 306, 57 Pac. 645. Therefore we shall not take up the evidence in this case, and the offers of evidence which were refused by the court, and undertake to say whether or not, as the case stood at the close of the trial, there was sufficient evidence to go to the jury. Rather will we assume that the court, for some reason not disclosed, reached the conclusion that some right had been denied the plaintiff; that his

evidence was either sufficient as it stood, or could be supplement-
ed.   In other words, the court must have concluded that, under
the law and all the facts of the case, to refuse to grant a new trial
would be to deprive the plaintiff of some substantial right; and,
this being left so largely to the discretion of the trial court, its
judgment ought not to be disturbed.   There is a point, however,
raised by plaintiff in error relative to the construction of the
policy, it being in a form prescribed by statute, which may be
briefly mentioned.

In the case of *Wever et al. v. Pioneer Fire Ins. Co.*, (not yet
officially reported), it is said:

"A policy of fire insurance in the standard form prescribed
by chapter 38, art. 2, Rev. Laws 1910, is not to be treated as a
legislative enactment after it has been accepted by the parties, but
as a voluntary contract, which, like any other contract, derives its
force and efficacy from the consent of the parties.   The terms and
provisions of the standard policy of fire insurance, the use of
which is required by legislative enactment, are to be considered as
employed in the sense in which they were used and interpreted
by the courts before that form of policy was adopted."

From what has been said above, it follows that the judgment
of the court should be affirmed.

By the Court:   It is so ordered.