## WALDEN v. GARDNER et al.

No. 6228. Opinion Filed March 28, 1916.

(156 Pac. 643.)

1.  **APPEAL AND ERROR—Review—Discretion of Trial Court—
    Grounds of New Trial.** The discretion of the trial court in grant-
    ing a new trial is so broad that its action in so doing will not be
    disturbed on appeal unless the record shows clearly that the court
    erred in its view of some pure and unmixed question of law, and
    that the order granting a new trial is based upon such erroneous
    view of the law.

2.  **NEW TRIAL—Discretion of Trial Court—Sufficiency of Evidence.**
    Plaintiff's motion for a new trial included two statutory grounds,
    one of which challenged the sufficiency of the evidence. The court
    granted said motion. The evidence in the record was sufficient to
    have sustained a verdict of the jury for either party when ap-
    proved by the trial court.

    **Held.** the court did not abuse its discretion in granting a new
    trial.

(Syllabus by Linn, C.)

Error from District Court, Bryan County;
Jesse M. Hatchett, Judge.

Action by Georgia Ann Gardner against J. C. Walden
and others. Judgment for defendant Walden, and from
an order granting plaintiff a new trial, said defendant
brings error. Affirmed.

Utterback & McDonald, for plaintiff in error.

Kyle & Newman, for defendants in error.

Opinion by LINN, C. The parties will be referred to
as they were styled in the trial court. The plaintiff,
Georgia Ann Gardner, a minor, by her legal guardian,
C. T. Williamson, in the district court of Bryan county,
sued the defendant J. C. Walden and others, as sureties

upon a guardian's bond, to recover the sum of $547.73, alleged to have been found due the minor upon a final settlement of one Jessie J. Gardner, guardian of said minor, with interest thereon.    To this petition the defendant Walden filed his answer, denying generally every material allegation in the petition, and especially denying that he ever signed the guardian's bond for Jessie J. Gardner as guardian of said minor.    He prays judgment of the court. The cause was tried to a jury on the 6th day of March, 1914, and a verdict returned in favor of the defendant Walden.    Within the time provided by law, plaintiff filed motion for a new trial, alleging that the verdict of the jury was contrary to, and not supported by, the best evidence; that the same was based upon false testimony; that the verdict of the jury was contrary to, and not supported by, the evidence; that the verdict was contrary to law.    In addition to these grounds, plaintiff set up that she had just learned the whereabouts of the notary public before whom the defendant was purported to have acknowledged his signature on the bond.    This motion for a new trial came on regularly for hearing, and the court, after consideration thereof, granted said motion.    Error is prosecuted by the defendant filing his petition in this court, with original case-made attached; and the only error assigned is as follows:

"The court erred in sustaining and granting the motion of the plaintiff for a new trial and in setting aside the judgment in said cause and granting the said plaintiff a new trial."

The evidence before the trial court was rather brief, and on the part of the plaintiff consisted, in substance, of the introduction of the bond apparently regularly executed by the principal obligor, J. J. Gardner, and by J. C.

Walden and others as sureties. From the bond it appears that the sureties appeared before one B. F. Moreman, a notary public, and qualified. A notary seal was attached. Witnesses C. C. Hatchett and W. F. Bennett were called, and testified, in substance, that they were familiar with the handwriting of the defendant Walden, and that, in their opinion, the name of the surety J. C. Walden on the bond was the true signature of the said Walden. On the part of the defendant the defendant Walden positively denied that he signed the bond. He admitted he knew when the bond was executed, and that the guardian, Gardner, had spoken to him about signing a bond, but that he refused. In response to a question as to whether or not the signature was his this witness answered:

"Yes, sir; that looks like my signature, in my opinion, and, if it was wrote on any place that I knew I did write it, I would take it for mine."

And this question was propounded to the defendant:

"Q. Did you know B. F. Moreman? A. Yes, sir."

Also for the defendant Walden, Judge A. H. Ferguson testified that he prepared the bond in question, and that it was the only bond prepared for Gardner as guardian for the minor; that he heard Walden make the statement there at the time that he did not sign any bonds; that he was acquainted with the signature of the defendant Walden, and that the signature looked like the defendant's signature. He further testified that there were some differences in the several signatures identified as the signatures of the defendant.

It is the contention of defendant Walden that the question at issue was properly submitted under the evidence to the jury, and that the jury's verdict is final,

unless set aside by the court for sufficient and legal reasons; that plaintiff set out no legal reasons for setting aside the verdict and judgment; hence the court was without authority so to do.   It is admitted by defendant's counsel, however, that the two last grounds in the motion for a new trial filed come within the provisions of the statute.

As we view the question presented for determination, the only question is as to whether or not the court abused its discretion in vacating the judgment and verdict and granting a new trial.   It cannot be doubted that the trial court had jurisdiction both of the subject-matter and the parties and authority to hear and determine the question presented.   That this question invoked the discretionary power of the court is too well settled to need citation of authorities or argument to sustain it.   The rule has been many times repeated in this court to the effect that the discretion of the trial court in granting a new trial is so broad that its action in so doing will not be disturbed on appeal, unless the record shows clearly that the court has erred in the decision of some clear and unmixed question of law, and that the granting of a new trial was based on such erroneous view of the law. *Citizens' State Bank of Lawton v. Chattanooga State Bank,* 23 Okla. 767, 101 Pac. 1118; *Shawnee Mutual Fire Ins. Co. v. School Board of School District No. 31, Grady County,* 44 Okla. 3, 143 Pac. 194; *St. L. & S. F. R. Co. v. Wooten,* 37 Okla. 444, 132 Pac. 479; *Freeman et al. v. Farmers' & Merchants' State Bank,* 51 Okla. 588, 152 Pac. 105.

As was said by this court in an opinion written by Brewer, C., in the case of *Shawnee Mutual Fire Ins. Co. v. School District No. 31 of Grady County, supra,* after stat-

Walden v. Gardner et al.

ing that the rule which applies to the action of the court in. granting a new trial is very different from the rule where a new trial is refused:

"In other words, the court must have concluded that, under the law and all the facts of the case, to refuse to grant a new trial would be to deprive the plaintiff of some substantial right; and, this being left so largely to the discretion of the trial court, its judgment ought not to be disturbed."

The same may be said of the trial court in the case at bar. This court cannot say from the record before us that the trial court did clearly err on a question of law unmixed with a question of fact. Neither has such been pointed out to us by counsel in their brief. The judge of the trial court had an opportunity to observe the demeanor of the witnesses before him—their manner of testifying; and we are unable to say that facts as proven were so conclusive on either one side or the other as to reduce the question to one of law, instead of a mixed question of law and fact. It is true, had there been no legal grounds set up in the motion substantially in compliance with the statute, and the court had granted a new trial without such legal grounds asserted, it might be said that this would have been clearly an error of law unmixed with a question of fact. But this is not the state of the record. We are unable to hold that the court so clearly abused its discretion in granting this motion, bringing it within the foregoing rule.

From the foregoing the judgment of the trial court must be affirmed.

By the Court: It is so ordered.