## PINKSTON et al. v. MARLOW.

No. 7195.　Opinion Filed July 25, 1916.

(159 Pac. 488.)

1. **APPEAL AND ERROR—Review—Discretion of Trial Court—Grant of New Trial.** In this jurisdiction, "the discretion of the trial court in granting a new trial is so broad that its action in so doing will not be disturbed on appeal, unless the record shows clearly that the court has erred in its view of some pure and unmixed question of law, and that the order granting a new trial is based upon such erroneous view of the law."

2. **NEW TRIAL—Motion—Waiver.** Record examined, and **held**, that it does not show clearly that the action of the trial court in granting a new trial is based upon an erroneous view of a pure and unmixed question of law. **Held**, further, that the defendant did not waive his motion for a new trial, filed in due time, by subsequently filing an unauthorized supplemental motion for a new trial.

(Syllabus by the Court.)

*Error from District Court, Carter County;*
*A. Eddleman, Judge.*

Action by Geo. E. Pinkston and others against J. W. Marlow. Motion of defendant for new trial sustained, and plaintiffs bring error. Affirmed.

*T. G. Haile* and *M. C. Haile,* for plaintiffs in error.

*H. A. Ledbetter,* for defendant in error.

KANE, C. J.  This was a suit to quiet title, commenced by the plaintiffs in error, plaintiffs below, against the defendant in error, defendant below.

Hereafter the parties will be designated as "plaintiffs" and "defendant," respectively, as they appeared in the trial court.

Upon trial to the court there was judgment for the plaintiffs, whereupon the defendant, in due time, filed a motion for new trial.  During the same term at which the judgment was rendered the motion for new trial came on to be heard, which, upon motion of the defendant, was continued until the next term of said court.  During the next term the motion for new trial came on again to be heard, and the court, upon motion of the defendant, continued said hearing until the following September, 1914, term of said court.  During the September term of said court the defendant filed in said court his supplemental motion for new trial.  Thereafter, on the 9th day of September, 1914, the cause came on for hearing upon the motion of the defendant for a new trial and the supplemental motion of the defendant for new trial, and the court, after hearing the said motions, and being sufficiently advised in the premises, sustained the motion for new trial.

The only assignment of error contained in the petition in error presents for review the action of the trial court in sustaining the motion for new trial.  The contentions of counsel for plaintiffs, as stated in their brief, are as follows:

"(1)    That the defendant in error waived his original motion for a new trial by filing a supplemental motion which set up new grounds for a new trial and in direct conflict with defendant in error's theory of the case on the original trial.

"(2)    That a supplemental motion is not permissible under our Code in any case, but in order for a court to grant a new trial upon newly discovered evidence the application must be made upon petition, and the procedure taken as provided by section 5037 of the Revised Laws of Oklahoma 1910."

We are unable to gather from the record before us that the court sustained, or, indeed, took any action on, the supplemental motion for new trial. The order sustaining the motion for new trial recites that:

"On this 9th day of September, 1914, came on for hearing the original motion for new trial herein and supplemental motion for new trial, and it appearing to the court that this cause was tried before the Hon. Stillwell H. Russell and judgment rendered by him for the plaintiff, Geo. E. Pinkston, and it being necessary that the testimony heard at the trial aforesaid be transcribed before this court could intelligently pass upon said motion, the testimony taken at the trial of this cause was transcribed by the court reporter in order that the court may have the same before him on the motion for new trial, and the court, after having heard the testimony offered at the former trial, the argument of counsel thereon and being well and sufficiently advised in the premises, is of the opinion that the motion for new trial herein is well taken and that the defendant should be granted a new trial herein."

Obviously the court acted upon the motion for new trial, and not upon the supplemental motion based upon newly discovered evidence. We may assume, then, as counsel contends, that such supplemental motion is not

permissible under the Code, except as stated by them; and still we are at a loss to understand why the action of the court upon the motion for new trial should be disturbed. Counsel for plaintiffs seem to contend that by filing a supplemental motion for new trial the defendant waived his motion for new trial, and in support thereof cite authori·ties to the effect that:

"It is a familiar rule that when a party has the choice of two remedies he must make his election between them, and after he has made such election he cannot pursue the other remedy. This election may be made by actions amounting in themselves to a choice of remedies."

This rule is inapplicable to the case at bar. In this case the defendant, according to the statement of counsel for plaintiffs, had but one remedy, and that was his motion for new trial. Filing an unauthorized motion, which the trial court seems to have disregarded, certainly would not deprive him of having his motion for new trial acted upon by the trial court.

In this jurisdiction—

"the discretion of the trial court in granting a new trial is so broad that its action in so doing will not be disturbed on appeal, unless the record shows clearly that the court has erred in its view of some pure and unmixed question of law, and that the order granting a new trial is based upon such erroneous view of the law." (*St. L. & S. F. R. Co. v. Wooten,* 37 Okla. 444, 132 Pac. 479; *Shawnee F. Ins. Co. v. Board,* 44 Okla. 3, 143 Pac. 194.)

In the case at bar the motion for new trial contains all the statutory grounds for a new trial, and this court is unable to say upon what ground the court below sustained it. It is quite apparent, though, from the excerpt from the order overruling the motion for new trial hereinbefore set out, that he weighed the evidence very care-

fully, as he declined to pass upon the motion until the evidence taken at the trial was transcribed by the court reporter. In such circumstances it cannot be said that the record shows clearly that the court has erred in its view of some clear and unmixed question of law.

For the reason stated, the judgment of the court below is affirmed.

All the Justices concur.