## EVERLY et al. v. NORTHCUTT et al.

No. 8901—Opinion Filed Dec. 3, 1918.

(176 Pac. 921.)

### Appeal and Error—Discretion of Trial Court —Grant of New Trial.

Where the trial court grants the application of one of the parties for a new trial and, on appeal from the order, it is not shown by the record that, in granting such application, the court erred upon some pure and unmixed question of law not involving a consideration of the facts, the action of the trial court will not be disturbed.

(Syllabus by Stewart, C.)

Error from District Court, Muskogee County; Chas. G. Watts, Judge.

Action by L. L. Northcutt and another against A. W. Everly and another. Demurrer to evidence sustained and judgment rendered for defendants, and, from an order granting plaintiffs' motion for a new trial, defendants bring error. Affirmed.

Gibson & Hull, Thomas F. Crosby, Crump, Bailey & Crump, for plaintiffs in error.

S. E. Gidney and W. G. Robertson, for defendants in error.

Opinion by STEWART, C. L. L. Northcutt and wife, Arra Northcutt, brought action against A. W. Everly and D. M. Randel, who were engaged in the practice of medicine and surgery, for damages on account of alleged malpractice resulting in the death of the minor son of plaintiffs. After the introduction of testimony on the part of the plaintiffs, the trial court sustained a demurrer to the evidence and rendered judgment for the defendants. On application of plaintiffs, duly filed and presented, the trial court granted the plaintiffs a new trial. The defendants duly appeal to this court from such action of the trial court.

The motion for new trial was upon the following grounds:

(1) That the court erred in sustaining the demurrer of defendants to the evidence of plaintiffs.

(2) That the judgment is not sustained by

sufficient evidence and is contrary to the law and the evidence.

(3) Error of law occurring at trial and excepted to by plaintiffs.

And the journal entry of the order sustaining the motion reads:

"Now on this 10th day of November, 1916, this cause comes on to be heard upon the motion filed by the plaintiffs for a new trial. the plaintiffs appearing by their attorney, S. E. Gidney, and the defendants by Gibson & Hull, and, after hearing the arguments, it is considered, ordered, and adjudged that said motion be sustained and a new trial granted, to which the defendants, and each of them, except."

The record nowhere discloses the particular reason which impelled the court to grant the new trial. We have read the testimony, and we are of the opinion that it raises an issue of fact as to the negligence of the defendants resulting in the death of the child, and, at any rate, the facts in evidence are not such as in themselves preclude a recovery. But it will be unnecessary to discuss the evidence in this case, as the defendants, for other reasons under the record in this case, are foreclosed of any right to disturb the discretion of the trial court. We do not mean that, in no case, the granting of a new trial to one of the parties would not constitute error, but merely that the record in this case does not justify a reversal of the court's action irrespective of any consideration of the testimony in the case. In Shawnee Mutual Fire Insurance Co. v. School Board of School District No. 31, Grady County, 44 Okla. 3, 143 Pac. 194, this court had under consideration a case in which the record is wholly applicable to the case at bar. The grounds there urged for a new trial were: (1) That the decision is contrary to the evidence; (2) that the decision is contrary to law; (3) for errors of law occurring at the trial; (4) error in excluding certain testimony; (5) error in sustaining the demurrer to the evidence. Mr. Commissioner Brewer, who wrote the opinion, speaking for the court, said:

"The order of the court granting a new trial does not in any way indicate upon what ground or for what reason the court based its conclusion. The order simply recites:

"'The court being fully advised in the premises, both as to the law and facts, finds that the motion for a new trial of the said plaintiff herein is well taken, and that the same should be sustained.'

"The order then proceeds to sustain the motion for a new trial, etc. Of course, it would be impossible, from this record as above shown, to declare that the court, in sustaining the motion for a new trial, committed error upon some pure and unmixed question of law, not involving a consideration of the facts. Not being able so to declare, we are prevented from reversing this case and disturbing the discretion of the court exercised herein. by the decisions above mentioned. to which we might add a vast array of cases not cited therein.

"It will be observed that a very different rule obtains in construing the action of the court in granting a new trial from that invoked where a new trial was refused. Where a new trial is granted, the rights of the parties are not finally adjudicated. They still have a right to go fully into the matter before the court or jury. The winning party may again prevail, and, should he lose, he can then bring his case here for a further review: but, where a motion for a new trial is denied, the rights of the parties are forever settled, so far as the trial court is concerned, and, if any relief is to be granted, it must be granted here or not at all. Therefore, when a motion for a new trial is denied, this court will examine the record with care, scrutinizing the evidence, where necessary and proper to determine whether or not the plaintiff in error has been denied any substantial right, or whether or not there has been error committed to his substantial prejudice. Not so where the motion is sustained. Unless it is clearly shown that the court erred upon some unmixed question of law. the action of the court will not be disturbed. Trower v. Roberts, 17 Okla. 644 645. 89 Pac. 1113; Ten Cate v. Sharp, 8 Okla. 306, 57 Pac. 645. Therefore we shall not take up the evidence in this case, and the offers of evidence which were refused by the court, and undertake to say whether or not, as the case stood at the close of the trial. there was sufficient evidence to go to the jury. Rather will we assume that the court, for some reason not disclosed, reached the conclusion that some right had been denied the plaintiff: that his evidence was either sufficient as it stood, or could be supplemented. In other words, the court must have concluded that, under the law and all the facts of the case, to refuse to grant a new trial would be to deprive the plaintiff of some substantial right: and this being left so largely to the discretion of the trial court, its judgment ought not to be disturbed."

If we were to reverse the action of the trial court in the case at bar, our decision would not be in harmony with the views of this court above expressed, the language of which we adopt as applicable to the case at bar. The following decisions of this court are also in point: St. L. & S. F. R. R. Co. v. Wood, 52 Okla. 176. 152 Pac. 848: Weller v. Western State Bank. 18 Okla. 478. 90 Pac. 877; Trower v. Roberts, 17 Okla. 641. 89 Pac. 113; Hughes v. C., R. I. & P. Ry. Co.. 35 Okla. 482, 130 Pac. 591: State Bank of

Lawton v. Chattanooga State Bank et al., 23 Okla. 767, 101 Pac. 1118; Davis v. Stillwell, 32 Okla. 757, 124 Pac. 74; Jamieson v. Classen Co., 33 Okla. 77, 124 Pac. 67; Ardmore Lodge No. 9, I. O. O. F., v. Dawson, 33 Okla. 37, 124 Pac. 67; Stapleton v. O'Hara, 33 Okla. 79, 124 Pac. 55; Chapman v. Mason, 30 Okla. 500, 120 Pac. 250; National R. & B. Supply Co., v. Elsing, 29 Okla. 334, 116 Pac. 790; Jacobs v. City of Perry, 29 Okla. 743, 119 Pac. 243; Exchange Bank of Wewoka et al. v. Bailey, 29 Okla. 246, 116 Pac. 812, 39 L. R. A. (N. S.) 1032; Hobbs v. Smith et al., 27 Okla. 830, 115 Pac. 347, 34 L. R. A. (N. S.) 697; Duncan v. McAlester-Choctaw Coal Co., 27 Okla. 427, 112 Pac. 932; Hogan et al. v. Bailey, 27 Okla. 15, 110 Pac. 890; Pinkston et al. v. Marlow, 58 Okla. 280, 159 Pac. 488; Walden v. Garner, 56 Okla. 774, 156 Pac. 643; First National Bank of El Reno v. Davidson-Case Lumber Co. et al., 52 Okla. 695, 153 Pac. 836.

Following the many and uniform holdings of this court, we find that the record does not show that the trial court abused its discretion in granting a new trial, and the order is therefore affirmed.

By the Court: It is so ordered.