## SMITH v. WELLS.

No. 11635—Opinion Filed May 15, 1923.

(Syllabus.)

**Appeal and Error—Discretion of Trial Court —New Trial.**

The discretion of the trial court in granting a new trial is so broad that its action in so doing will not be disturbed on appeal, unless the record shows clearly that the court has erred in its view of some pure and unmixed question of law, and that the order granting a new trial is based upon such erroneous view of the law.

Error from District Court, Garfield County; J. C. Robberts, Judge.

Action by J. E. Smith against E. N. Wells. From an order vacating and setting aside a verdict for plaintiff and granting a new trial, plaintiff brings error. Affirmed.

W. J. Otjen and G. W. Buckner, for plaintiff in error.

H. J. Sturgis, for defendant in error.

MASON, J. This action was brought by the plaintiff in error, J. E. Smith, hereinafter styled the plaintiff, against E. N. Wells, hereinafter styled the defendant, to recover a commission for the sale of an oil

and gas lease on the land of the defendant. The defendant filed a general denial. Thereafter the cause came on for trial before the court and a jury, which trial resulted in an unanimous verdict of the jury in favor of the plaintiff and against the defendant for the sum of $347.50.

Within the proper time, the defendant filed a motion for new trial, setting up the following grounds:

"First. Because the verdict is not supported by the evidence and is contrary to the evidence.

"Second. Because the verdict is contrary to the law and in direct conflict with the instructions of the court.

"Third. Because the court erred in the admission of incompetent and immaterial evidence offered by the plaintiff over the objection of the defendant, to which he excepted.

"Fourth. Because the court erred in giving instructions No. —— and No. ——, to the jury, to the giving of which the defendant objected and excepted.

"Fifth. Because of errors of law occurring at the trial and excepted to by the defendant at the time."

The following is an excerpt from the journal entry of the trial court, shown on page 96 of the case-made:

"Wherefore, it is ordered and adjudged that motion for new trial filed herein be and it hereby is sustained, to which plaintiff excepts. * * *"

Plaintiff, in this court, raised two assignments of error, which are as follows:

"First. The court erred in sustaining the motion of the defendant for a new trial in said cause, and erred in setting aside the unanimous verdict of the jury in said case in favor of this plaintiff in error.

"Second. The court erred in holding that the plaintiff in error was not entitled to his commission for the sale of an oil and gas lease for the defendant in error because after the defendant in error and the purchaser furnished him by the plaintiff in error had agreed on the terms of the sale and had entered into a written contract of sale and purchase of said oil and gas lease, that thereafter the agent of the purchaser under said contract took over the contract of purchase in his name and had the oil and gas lease executed in his name, and for this reason setting aside the verdict of the jury in this cause and granting the defendant in error a new trial in this cause."

It appears from the record that the case was strongly contested, and that there was a sharp conflict in the evidence. Counsel

for plaintiff in error contend in their brief that the order granting the new trial is wholly based upon the alleged fact that the sale of the lease was not made to the purchaser produced by the plaintiff in error. The record, however, does not disclose that the trial court gave any specific reason for sustaining the motion and granting a new trial. The rule is well established in this state that, in the matter of granting a new trial, the discretion of the trial court is very wide, in fact, it is so extensive that its action in doing so will not be set aside on appeal, unless it clearly appears that in granting a new trial it has taken an erroneous view of some pure and unmixed question of law, and that this erroneous view resulted in the order.

In Hughes v. Chicago, R. I. & P. Ry. Co., 35 Okla. 482, 130 Pac. 591, the court held as follows:

"Trial courts are invested with a very large and extended discretion in the granting of new trials, and new trials ought to be granted whenever, in the opinion of the trial court, the party asking for the new trial has not probably had a reasonably fair trial, and has not in all probability obtained or received substantial justice, although it might be difficult in many instances for the trial court or the parties to state the grounds for such new trial upon paper so plainly that the Supreme Court could understand them as well as the trial court and the parties themselves understood them."

In the case of Hogan et al. v. Bailey, 27 Okla. 15, 110 Pac. 890, Chief Justice Dunn, speaking for the court, used the following language:

"The trial court has a higher function under our jurisprudence than to act merely as a moderator or umpire between contending adversaries before a jury. Not only is it charged with the duty of seeing that the course and conduct of the trial gives to each of the litigants a fair opportunity to present his cause and to have the facts weighed in the light of proper instructions declaring the law relative thereto, but it is the imperative, abiding duty of the court, after the jury has returned its verdict and awarded to one or the other success in the controversy, where the justness of the same is challenged as in this case, to carefully weigh the entire matter, and, unless it is satisfied that the verdict is responsive to the demands of justice, to set the verdict aside and grant a new trial. Not only must the jury be satisfied of the righteousness of the conclusion to which it arrives, but unless that conclusion meets the affirmative, considerate approval of the mind and conscience of the court, it should not, where challenged, be permitted to stand."

To the same effect is the decision in Shawnee Mut. Fire Ins. Co. v. School Board of School District No. 31, Grady County, 44 Okla. 3, 143 Pac. 194, wherein the court stated:

"It will be observed that a very different rule obtains in construing the action of the court in granting a new trial from that invoked where a new trial is refused. Where a new trial is granted, the rights of the parties are not finally adjudicated. They still have a right to go fully into the matter before the court or jury. The winning party may again prevail, and, should he lose, he can then bring his case here for a further review; but, where a motion for a new trial is denied, the rights of the parties are forever settled, so far as the trial court is concerned, and, if any relief is to be granted, it must be granted here or not at all: therefore, when a motion for a new trial is denied, this court will examine the record with care, scrutinizing the evidence, where necessary and proper to determine whether or not the plaintiff in error has been denied any substantial right, or whether or not there has been error committed to his substantial prejudice. Not so where the motion is sustained. Unless it is clearly shown that the court erred upon some unmixed question of law, the action of the court will not be disturbed." Trower v. Roberts, 17 Okla. 644, 89 Pac. 113; Ten Cate v. Sharp, 8 Okla. 300, 57 Pac. 645. Duncan v. McAlester-Choctaw Coal Co., 27 Okla. 427, 112 Pac. 982: Sharp v. Choctaw Ry. & Lighting Co., 34 Okla. 730, 126 Pac. 1025; Cunningham v. Cromley, 54 Okla. 266, 153 Pac. 860: Brown v. Goulding, 55 Okla. 320, 155 Pac. 559; Pinkston et al. v. Marlow, 58 Okla. 280, 159 Pac. 488; M., K. & T. Ry. Co. v. James, 61 Okla. 1, 159 Pac. 1109.

In view of the above statements of law, and of the fact that we do not know upon what grounds the court based its judgment in vacating the verdict and granting a new trial, we cannot say it abused its discretion, or that it manifestly and materially erred with respect to some pure, simple, and unmixed questions of law in ordering a new trial.

Therefore, the judgment of the trial court is affirmed.

JOHNSON, C. J., McNEILL, V. C. J., and NICHOLSON and COCHRAN, JJ., concur.