## McLAURIN v PEOPLE'S STATE BANK.

No. 11850—Opinion Filed July 24, 1923.

(Syllabus.)

1. **Appeal and Error—Review—Grant of New Trial.**

Unless the record discloses that the order of the trial court in granting a new trial is based on an erroneous view of some pure and unmixed question of law, the same will not be disturbed on appeal.

2. **New Trial—Time for Motion.**

Where the losing party in the lower court files a motion for new trial within three days after the return of the verdict, but after the court has voluntarily set aside said verdict on its own motion, the same, although not filed after the order vacating said order setting aside said verdict, will not be deemed to have been prematurely filed.

Error from District Court, Payne County; Arthur R. Swank, Judge,

Action in replevin by the People's State Bank of Coyle, Okla., against W. M. McLaurin. From an order vacating and setting aside a verdict for defendant and granting a new trial, defendant brings error. Affirmed.

John P. Hickam and Erwin & Erwin, for plaintiff in error.

Springer & Wilson, for defendant in error.

MASON, J. This was an action in replevin brought by the defendant in error, People's State Bank, hereinafter styled the plaintiff, against W. M. McLaurin, hereinafter styled the defendant, to recover possession of certain personal property covered by chattel mortgage executed by the defendant, wherein the plaintiff was mortgagee.

The defendant answered, and the case was tried to a jury on the issues so joined, and a verdict was returned on May 7, 1920, in favor of the defendant. On the following day, May 8, 1920, the court on its own motion set aside the verdict and ordered a new trial.

It appears from the records that, after said action by the court, and on the same day, May 8, 1920, the plaintiff filed its motion to set aside the verdict of the jury and to arrest judgment in said cause and to order a new trial upon the following grounds: First, that the verdict in said cause is contrary to and is not supported by the evidence; second, that the verdict in said cause is contrary to and is not supported by the law; third, for the reason that the verdict in said cause is the result of the passion and prejudice on the part of said jury and is not the result of the mature deliberation of said jury uninfluenced by passion and prejudice.

Thereafter, on the 11th day of May, the court vacated and withdrew its order setting aside the verdict of the jury and its order granting the plaintiff a new trial and reinstated said verdict.

On the 17th day of May, 1920, the plaintiff's motion to vacate the verdict and to grant a new trial, above referred to, was duly presented to the court, and the same was sustained. From this action of the trial court, the defendant has perfected his appeal.

The rule is well established in this jurisdiction that the granting of a new trial is always a matter largely within the discretion of the trial court, and unless it clearly appears that such discretion has been abused by disregard of the established rules of law, its action will not be disturbed on appeal.

In Hughes v. Chicago, R. I. & P. Ry. Co., 35 Okla. 482, 130 Pac. 591, the court held as follows:

"Trial courts are invested with a very large and extended discretion in the granting of new trials, and new trials ought to be granted whenever, in the opinion of the trial court, the party asking for the new trial has not probably had a reasonably fair trial, and has not in all probability obtained or received substantial justice, although it might be difficult in many instances for the trial court or the parties to state the grounds for such new trial upon paper so plainly that the Supreme Court could understand them as well as the trial court and the parties themselves understood them."

In the case of Hogan et al. v. Bailey, 27 Okla. 15, 110 Pac. 890, Chief Justice Dunn, speaking for the court, used the following language:

"The trial court has a higher function under our jurisprudence than to act merely as a moderator or umpire between contending adversaries before a jury. Not only is it charged with the duty of seeing that the course and conduct of the trial court gives to each of its litigants a fair opportunity to present his cause and to have the facts weighed in the light of proper instructions declaring the law relative thereto, but it is the imperative, abiding duty of the court, after the jury has returned its verdict and awarded to one or the other success in the controversy, where the justness of the same is challenged as in this case, to carefully weigh the entire matter, and, unless it is satisfied that the verdict is responsive to the demands of justice, to set the verdict aside and grant a new trial. Not only must the jury be satisfied of the righteousness of the conclusion to which it arrives, but unless that conclusion meets the affirmative, considerate approval of the mind and conscience of the court, it should not, where challenged, be permitted to stand."

To the same effect is the decision in Shawnee Mut. Fire Ins. Co. v. School Board of School Dist. No. 31, Grady County, 44 Okla. 3, 143 Pac. 194, wherein the court stated:

"It will be observed that a very different rule obtains in construing the action of the court in granting a new trial from that invoked where a new trial is refused. Where a new trial is granted, the rights of the parties are not finally adjudicated. They

still have a right to go fully into the matter before the court or jury. The winning party may again prevail, and, should he lose, he can then bring his case here for a further review; but, where a motion for a new trial is denied, the rights of the parties are forever settled, so far as the trial court is concerned, and, if any relief is to be granted, it must be granted here or not at all, therefore, when a motion for a new trial is denied, this court will examine the record with care, scrutinizing the evidence, where necessary and proper to determine whether or not the plaintiff in error has been denied any substantial right, or whether or not there has been error committed to his substantial prejudice. Not so where the motion is sustained. Unless it is clearly shown that the court erred upon some unmixed question of law, the action of the court will not be disturbed. Trower v. Roberts, 17 Okla. 644, 89 Pac. 113; Ten Cate v. Sharp, 8 Okla. 306, 57 Pac. 645." Duncan v. McAlester-Choctaw Coal Co., 27 Okla. 427, 112 Pac. 982; Sharp v. Choctaw Ry. & Lighting Co., 34 Okla. 730, 126 Pac. 1025; Cunningham v. Cromley, 54 Okla. 266, 153 Pac. 860; Brown v. Goulding, 55 Okla. 320, 155 Pac. 559; Pinkston et al. v. Marlow, 58 Okla. 280, 159 Pac. 488; M., K. & T. Ry. Co. v. James, 61 Okla. 1, 159 Pac. 1109.

Counsel for plaintiff in error, in their brief, do not state in what regard it is contended the trial court abused its discretion in granting a new trial. We have, however, examined the entire record, and we cannot say that the trial court abused its discretion and erred in some pure and unmixed question of law in granting a new trial herein.

Counsel for plaintiff in error next contend that the motion for new trial was not filed in proper time, but should have been filed within three days after the court set aside the order vacating the verdict of the jury and granting a new trial. In support of this contention, counsel cite numerous cases including the case of Severy v. Chicago, R. I. & P. Ry. Co., 6 Okla. 153, 50 Pac. 162, wherein the court held:

"Where a jury return a general verdict in favor of a plaintiff, and afterwards, and upon motion of the defendant, the court sets aside such verdict and renders a judgment for the defendant upon the facts as found by the jury in answer to questions propounded by the defendant, and the plaintiff files his motion for a new trial within three days after the court sets aside such verdict and renders its judgment in favor of the defendant; held, the motion for a new trial is filed in time."

It is obvious that the reason for these decisions was to protect the party aggrieved by the decisions of the court, and not

prevent such party from having his appeal. We cannot agree with counsel for plaintiff in error that it is mandatory that such motion for new trial be filed at that time.

Section 574, Comp. Stat. 1921, provides as follows:

"The application for a new trial must be made at the term the verdict, report, or decision is rendered, and, except for the cause of newly discovered evidence, material for the party applying, which he could not, with reasonable diligence, have discovered and produced at the trial, or impossibility of making a case-made, shall be within three days after the verdict or decision was rendered, unless unavoidably prevented."

In the case at bar, the plaintiff's motion for new trial was filed within three days after the return of the verdict of the jury, and hence filed within the statutory time. We are unable to see any merit in the contention of counsel for plaintiff in error that said motion was filed prematurely.

Counsel for plaintiff in error assign many other specifications of error, but in view of the fact that we hold the trial court properly granted a new trial, we do not deem it necessary to consider them at this time.

For the reasons stated, the judgment of the trial court in granting a new trial is affirmed, and the case is remanded for a new trial.

JOHNSON, C. J., McNEILL, V. C. J., and KANE, KENNAMER, NICHOLSON, COCHRAN, BRANSON, and HARRISON, JJ. concur.