## CREEKMORE v. CITY OF TULSA.

No. 18370. Opinion Filed June 25, 1929.

Rehearing Denied Nov. 5, 1929.

Davidson & Williams, Harry Seaton, and E. H. Beauchamp, for plaintiff in error.

H. O. Bland, H. M. Gray, Langley & Langley, I. W. Ingram, Harry L. S. Halley, and Clara W. Harwood, for defendant in error.

LESTER, V. C. J. The parties to this action appear in the reverse order to that in the district court, and will be referred to as they appeared there.

The plaintiff, city of Tulsa, on the 5th day of July, 1923, filed in the district court of Delaware county, Okla., its petition for the condemnation of a certain tract of land belonging to the defendant, W. J. Creekmore, for the purpose of constructing a dam and impounding a large lake of water for the purpose of supplying the inhabitants of the city of Tulsa with water. On the 21st day of July, 1923, C. H. Baskin, sitting as a judge of the district court of Delaware county, Okla., entered a judgment condemning the land in controversy and appointing a commission to assess the damages. Thereafter the commissioners filed their report, in which they assessed the damages sustained by the defendant at $10,000. On October 1, 1923, the plaintiff filed exceptions to the report of the commissioners and a motion for new trial, but on the date of the hearing abandoned its former exceptions and filed its exceptions to the report of appraisers and demanded a trial by jury. On April 2, 1924, the plaintiff paid into court for the defendant $10,000. The defendant thereafter filed his application for payment of said award and that the plaintiff be required to pay interest on said sum at the rate of 6 per cent. per annum from the date on which it took possession of the land. The court ordered $6,500 of the award paid to the defendant, the balance to be held until further order of the court. The balance was paid to the defendant about a year later without interest.

In October, 1924, the cause came on for trial before the court and jury, and the jury returned a verdict assessing defendant's damages at $10,000. The verdict was set aside by the Honorable O. H. Searcy, trial judge, on motion and application of the plaintiff.

On October 4, 1926, the cause came on for second trial before a jury with Honorable A. C. Brewster sitting as trial judge, and the jury returned a verdict for the defendant for the sum of $15,500. On the same day the plaintiff filed a motion for new trial, which was sustained by the court.

The motion for new trial filed by the city of Tulsa set forth 19 separately numbered reasons why a new trial should be granted, among them being:

"5. Actions or surprise which ordinary prudence could not have guarded against.

"6. Excessive damages appearing to have been given under the influence of passion or prejudice.

"7. Error in the assessment of the amount of recovery in being too large.

"8. That the verdict is not sustained by sufficient evidence.

"9. That the verdict is contrary to the law, and against the weight of evidence.

"10. Error of law occurring at the trial, and excepted to by the city of Tulsa.

"11. The court erred in admitting evidence objected to by the movant, city of Tulsa.

"12. The court erred in excluding evidence offered to the jury by movant, city of Tulsa, to the excluding of which exception was reserved at the time.

"18. The court erred in giving instructions Nos. 4, 5, 6, 7, 8, 10, 11, 13, 14 and 15, objected to by the city of Tulsa when given.

"19. The court erred in refusing to give instructions asked and requested to be given the jury by city of Tulsa, and numbered 3, 5 to 12 inclusive, 14 to 28 both inclusive, and 31 to 37 both inclusive, and to the refusal to give the same the city of Tulsa excepted at the time."

The journal entry sustaining the motion to set aside the verdict of the jury and grant a new trial is as follows:

"Now, on this 29th day of November, 1926, the above-entitled cause came on for hearing upon the motion of plaintiff for new trial. The plaintiff appearing by its attorneys, H. O. Bland, H. M. Gray, and Langley & Langley, and the defendant appearing by his attorneys. Davidson & Williams, Harry Seaton, and E. H. Beauchamp, and counsel having been heard and the court being duly advised in the premises, finds that said motion should be and the same is hereby sustained, and it is hereby ordered that the verdict heretofore rendered by the jury, be and the same is hereby set aside and a new trial granted, to all of which the defendant excepts and in open court gives notice of his intention of appealing to the Supreme Court of the state of Oklahoma, and asks that said notice be noted upon the trial docket of this court which is done, and upon

motion of the defendant, 90 days is hereby given defendant from and after this date, in which to prepare and serve the case-made and that plaintiff shall have ten days from and after the service of said case-made upon it, to suggest amendments, and that thereafter, the said case-made may be settled upon five days' notice given by either of the parties hereto."

On pages 615 and 616 of the record we find the following:

"The plaintiff and defendant were present by attorneys of record. The plaintiff has motion for new trial filed. * * * New trial granted on account of the fact that the evidence was not sufficient to support the verdict."

From the judgment of the district court granting a new trial the defendant appeals.

The defendant in his brief, at page 13, states:

"The plaintiff in error has made four assignments of error, but they all raise the same question and will be discussed under the fourth assignment of error."

The fourth assignment of error is as follows:

"The said court erred in setting aside the said verdict of the jury and granting to the defendant in error a new trial."

At page 13 the defendant's brief also states:

"We are not unmindful of the rule established in this state by many decisions, that the Supreme Court will not reverse the ruling of a trial court granting a new trial, except on showing that it erred with respect to some question of law, and except for such error its ruling would not have been made."

The defendant contends that the court below abused its discretion in setting aside the verdict of the jury and granting a new trial for the reason that there had been a former award in which the commissioners appointed to appraise the damages to the defendant had filed their report in which they assessed the damages at $10,000; that thereafter the plaintiff filed exceptions to the report of the commission, and thereafter a trial was had to the court and jury which resulted in a judgment of $10,000, which judgment was set aside by the court, and thereafter another trial was had to the court and jury which resulted in the jury awarding damages in the sum of $15,500; and that on account of the court setting aside the last-mentioned verdict, the same constituted error.

In the case of Kansas City, W. & N. W. R.

Co. v. Ryan, 49 Kan. 1, 30 Pac. 108, the facts were somewhat similar to those involved in the present case. It appears that the railway company in that case desired to condemn certain land for railroad purposes. The district judge appointed three commissioners as provided by statute to lay off a line of railway by condemnation. These commissioners, upon January 20, 1887, filed their report, making an assessment in favor of Matthew Ryan of $3,711. Thereafter Ryan filed an appeal from the findings of the said commission. Upon appeal the case was tried before the court and jury, resulting in a verdict in favor of Ryan for $18,541.27. This verdict was set aside as excessive on March 3, 1888. Thereafter the cause was again tried to the court and jury, which resulted in a verdict in favor of Ryan for the sum of $16,353.73. A motion for new trial was duly filed by the railway company, and was by the trial court overruled.

The trial judge delivered and filed a written opinion, and in part stated:

"The verdict in this case does not meet the approval of my judgment. It is, in my opinion, largely in excess of what would be full compensation to the owner of the land; but because, and only because, a jury in a former trial of this case gave a verdict but slightly larger than that now under consideration, and which I set aside as excessive, I let this one stand. There must be an end to the litigation some time, and inasmuch as 24 men have substantially agreed upon a rate of compensation, though greatly in excess of what my judgment can approve, it is possibly fair and proper that I should stand out of the way to a final determination of the controversy."

The Supreme Court reversed the action of the trial court in refusing a new trial, and in syllabus No. 1 of the above-cited opinion said:

"If the trial judge is dissatisfied with the verdict of the jury, upon weighing the evidence presented, it is his duty to set aside the verdict and grant a new trial."

In the case of Joseph Brown, Adm'r, v. Atchison, T. & S. F. R. Co., 29 Kan. 186, the court in sustaining the action of the trial court in setting aside a verdict rendered by the jury in a third trial of the cause, said:

"The plaintiff, without accepting the new trial granted on the motion of the defendant, has brought the case to this court, and asks for a reversal of the order of the district court granting the new trial. The plaintiff insists vehemently that the order of the court below granting the new trial should be reversed, because 36 jurors have

found verdicts in favor of the plaintiff and against the defendant, and because 'there have been three concurring verdicts for the plaintiff' in this case. A concurrence of three separate juries should, undoubtedly, upon all mere questions of fact have great weight; and, where three separate juries have agreed upon any particular fact, a court should hesitate long before deciding that all these juries have erred with respect to such particular fact. But we hardly think that such a question as this enters into this case, for: First, three separate juries have not concurred in all the questions of fact upon which the court below set aside the verdict and granted the new trial. The first jury decided that the plaintiff's damages were only $500, while the last jury decided that his damages were $7,000; and the court below set aside the verdict and granted the new trial, among other things, upon the ground that the verdict was excessive. Second, the verdict of the jury was also set aside and the new trial granted upon the grounds of misconduct of the jury; and, third, the court set aside the verdict and granted the new trial upon the ground of various errors of law occurring at the trial, and duly excepted to by the defendant.

"Now, we think it will not be claimed that the first two of these three juries concurred in the misconduct of the last; nor will it be claimed that the first two juries concurred with the last in the errors of law committed by the court during the trial; and hence it cannot at all be claimed that there was a concurrence of three separate juries concerning the matters for which the new trial was granted. But suppose that it could be so claimed, still, notwithstanding such supposed concurrence, the setting aside of the verdict and the granting of the new trial might nevertheless be perfectly right; for under our statutes a verdict may be set aside and a new trial granted as often and as many times as there are any sufficient grounds therefor. We think the new trial in this case was properly granted, and that the plaintiff should rely upon procuring another verdict before another jury if he is entitled to any verdict in his favor, and that he should obtain such verdict without any misconduct on the part of any person, and without any substantial irregularity, and without any substantial error on the part of either the court or the jury."

In the instant case the verdict of the jury rendered in the first trial was for the sum of $10,000. In the second trial the verdict was for the sum of $15,500. Hence it cannot here be said that two juries concurred in a like verdict, for there is several thousand dollars difference between the first and second verdicts.

Subdivision 4 of section 572, C. O. S. 1921, provides:

"Excessive damages, appearing to have been given under the influence of passion or prejudice."

Paragraph 6 of the plaintiff's motion for a new trial alleged that the jury returned excessive damages under the influence of passion and prejudice. The court sustained the motion for new trial generally. The amount of the damages fixed by the jury in the second trial being so far in excess of that fixed by the jury in the first trial, it is not difficult to see why the trial judge may have fully determined that the last verdict was reached under the influence of passion or prejudice.

Creekmore owned 100 acres of land. The city of Tulsa condemned 55 acres, leaving to Creekmore 45 acres. A large number of witnesses testified in behalf of the city of Tulsa that they were acquainted with the land in question and had been for a long term of years; that the land was thin and gravelly. These witnesses varied in their estimate of the market value of the land. The value placed thereon ran from $18 to $35 per acre. Some of them testified that the remaining 45 acres were not affected by the fact that the city of Tulsa condemned 55 acres of the entire tract of land. Others testified that the remaining 45 acres suffered some damages, which they estimated ran from $10 to $20 per acre. The witnesses for Creekmore placed a speculative value on the land for recreational purposes at a figure far in excess of the witnesses for the city.

Upon a careful examination of the record, we think that the real market value of the land as fixed by the witnesses for the city was more nearly correct than the very exorbitant figure fixed by the witnesses on the part of Creekmore.

In the case of Duncan v. McAlester-Choctaw Coal Co., 27 Okla. 427, 112 Pac. 982, the court there said:

"The identical question here raised was before the Supreme Court of Kansas in the case of Atyeo v. Kelsey, 13 Kan. 212. A new trial was granted by the trial court, and appeal taken. The Supreme Court of that state, in the consideration of the case, speaking through Mr. Justice Valentine, said: 'The question is discussed in the brief of counsel for plaintiff in error as though the new trial was granted solely upon the ground that the verdict was not sustained by sufficient evidence. Now, the record does not show that the new trial was granted upon this ground alone; but, for the purpose of this case, we will suppose that it was, and still we do not think that we can reverse the ruling of the court below.

The evidence was conflicting and contradictory, and while we think the preponderance of the evidence sustains the verdict, still we cannot reverse the ruling of the court below for that reason (Anthony v. Eddy, 5 Kan. 127, Field v. Kinnear, 5 Kan. 233, 238; Owen v. Owen, 9 Kan. 91, 96) ; for the preponderance is not great. Before we would reverse in such a case, the preponderance of the evidence would have to be so overwhelmingly great that it would show an abuse of judicial discretion on the part of the court below in setting aside the verdict and granting a new trial. Where a new trial has been granted, both parties have another opportunity of having a fair and impartial trial upon the merits of the action. But where a new trial has been refused, the matter is ended, unless a reversal can be had. Hence new trials should be favored, instead of being disfavored, wherever any question can arise as to the correctness of the verdict. As a rule, no verdict should be allowed to stand unless both the jury and the court trying the cause can say that they believe that the verdict is correct. While the question is before the jury, they are the sole and exclusive judges of all questions of fact; but when the matter comes before the court upon a motion for a new trial, it then becomes the duty of the court to determine for itself whether the verdict is sustained by sufficient evidence or not (Gen. St. p. 687, section 306, subd. 6), and the decision of the trial court in such a case has almost controlling force with the appellate court.'

"The foregoing discussion, and that contained in the case of Hogan et al. v. Bailey, supra, along with the authorities therein cited, in our judgment make it clear that where a trial court, in the exercise of a sound discretion, grants a new trial, except in cases where the question is one involving a pure, simple and unmixed question of law, this court will not reverse such ruling, unless it can be seen beyond all reasonable doubt that the trial court has clearly committed error therein; for, as was said by this court in the case of Hogan et al. v. Bailey, supra: 'Not only must the jury be satisfied of the righteousness of the conclusion to which it arrives, but unless that conclusion meets the affirmative, considerate approval of the mind and conscience of the court, it should not, where challenged, be permitted to stand.' "

In the instant case, not only is there a lack of an overwhelming amount of evidence on the part of Creekmore, which must exist before this court would be justified in reversing the action of the trial court in granting a new trial, but, on the other hand, we think, after omitting the consideration of incompetent evidence introduced upon the part of Creekmore relating to the value of the land, that the trial court was fully warranted in setting aside the verdict of the jury and granting a new trial.

It appears clearly from the journal entry, constituting the judgment in this case, that the trial court granted a new trial generally, and the question is whether or not this court should disturb the action of the trial court in setting aside the verdict of the jury and granting a new trial.

The rule has been uniformly announced by this court that it would not interfere with the action of the trial court in setting aside the verdict of the jury and grant a new trial, unless the record shows clearly that the court has erred in its view of the pure and unmixed question of law, and that the order granting a new trial is based upon such erroneous view of the law.

In the case of Conservative Loan Co. v. Saulsbury et al., 75 Okla. 194, 182 Pac. 685, the court said in paragraph 1 of the syllabus:

"The discretion of the trial court in granting a new trial is so broad, that its action in so doing will not be disturbed on appeal unless the record shows clearly that the court has erred in its view of some pure and unmixed question of law, and that the order granting a new trial is based upon such erroneous view of the law."

In the body of the opinion it is said:

"The law on the subject is so well established that the defendant has been unable to cite a single pertinent case in favor of its contention. In their brief counsel quote at length from James v. Coleman, 64 Okla. 99, 166 Pac. 210, but a careful examination of that case discloses that it does not support their principal contention; on the contrary, in that case, the judgment of the trial court granting a new trial was affirmed."

In the case of Shawnee Mut. Fire Ins. Co. v. School Board of School Dist. No. 31, Grady County, 44 Okla. 3, 143 Pac. 194, the court in paragraph 2 of the syllabus said:

"The discretion of the trial court in granting a new trial is so broad that its action in so doing will not be disturbed on appeal until the record shows clearly that the court has erred in its view of some pure and unmixed question of law, and that the order granting a new trial is based upon such erroneous view of the law.".

In the case of McLaurin v. People's State Bank, 95 Okla. 6, 217 Pac. 187, the court in paragraph 1 of the syllabus said:

"Unless the record discloses that the order of the trial court in granting a new trial is based on an erroneous view of some pure and unmixed question of law, the same will not be disturbed on appeal."

In the case of Everly et al. v. Northcut et al., 74 Okla. 16, 176 Pac. 921, this court again said:

"Where the trial court grants the application of one of the parties for a new trial and, on appeal from the order, it is not shown by the record that, in granting such application, the court erred upon some pure and unmixed question of law not involving a consideration of the facts, the action of the trial court will not be disturbed."

In the case of St. Louis & S. F. R. Co. v. Wooten, 37 Okla. 444, 132 Pac. 479, this court said:

"Beginning with the early opinions of the Oklahoma Territorial Supreme Court, it has been held in an unbroken line of decisions that, in the matter of granting a new trial, the discretion of the trial court is very wide; indeed, that it is so extensive that its action in doing so will not be set aside on appeal unless it clearly appears that in granting the new trial it has taken an erroneous view of some pure, unmixed question of law, and that this erroneous view resulted in the order. Trower v. Roberts, 17 Okla. 641, 89 Pac. 1113. Since statehood this rule has been followed in a multitude of decisions, the latest, perhaps, being the case of Hughes v. C. R. I. & P. Ry. Co., 35 Okla. 482, 130 Pac. 591. The syllabus of that case is as follows:

" 'Trial courts are invested with a very large and extended discretion in the granting of new trials, and new trials ought to be has not probably had a reasonably fari trial, court the party asking for the new trial has not probably had a reasonably fair trial. and has not in all probability obtained or received substantial justice, although it might be difficult in many instances for the trial court or the parties to state the grounds for such new trial upon paper so plainly that the Supreme Court could understand them as well as the trial court and the parties themselves understod them. Following Trower v. Roberts, 17 Okla. 641, 89 Pac. 1113.'

"To the same effect are the following decisions; State Bank of Lawton v. Chattanooga State Bank et al., 23 Okla. 767, 101 Pac. 1118; Davis v. Stilwell, 32 Okla. 757, 124 Pac. 74; Jamieson v. Classen Co., 33 Okla. 77, 124 Pac. 67; Ardmore Lodge No. 9, I. O. O. F. v. Dawson, 33 Okla. 37, 124 Pac. 67; Stapleton v. O'Hara, 33 Okla. 79, 124 Pac. 55; Chapman v. Mason, 30 Okla. 500, 120 Pac. 250; National R. & V. Supply Co. v. Elsing, 29 Okla. 334, 116 Pac. 790; Jacobs v. City of Perry, 29 Okla. 743, 119 Pac. 243; Exchange Bank of Wewoka et al. v. Bailey, 29 Okla. 246, 116 Pac. 812, 39 L. R. A. (N. S.) 1032; Hobbs v. Smith et al., 27 Okla. 830, 115 Pac. 347, 34 L. R. A. (N. S.) 697; Duncan v. McAlester-Choctaw Coal Co., 27 Okla. 427, 112 Pac. 982, and many other

cases by this court which we consider it unnecessary to collect."

In the case of Carr et al. v. Wichita State Bank & Trust Co., 118 Okla. 136, 246 Pac. 1088, this court again held the rule to be:

"The Supreme Court will not reverse the ruling of the trial court granting a new trial unless it can be seen that the trial court has manifestly and materially erred with respect to some pure, simple, and unmixed question of law, and that, except for such error, the ruling of the trial court would not have been made."

This court has never varied from the rule announced in the cases herein cited; in fact, we think that a contrary view would invite great harm and uncertainty. The judgment of the district court in setting aside the verdict of the jury and granting a new trial is affirmed.

HEFNER, CULLISON, SWINDALL, and ANDREWS, JJ., concur.

MASON, C. J., and HUNT and CLARK, JJ., dissent.

Note.—See under (1) 20 R. C. L. p. 228; 4 R. C. L. Supp. p. 1341; 5 R. C. L. Supp. p. 1091; 6 R. C L. Supp. p. 1199. See "Appeal and Error," 4 C. J. §2813, p. 832, n. 47.